## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

Marvin Faulkner;                              )        CIVIL-RICO ACTION
             *Plaintiff*                   )        W/Criminal and Civil Count(s)
       *v.*                             )
                                )        **Case No.:**

BRYAN GOMEZ;                                  )
ANNA M. LOFTUS;                               )        **1:17-cv-04286**
PIERCE & ASSOCIATES;                          )        **Judge Matthew F. Kennelly**
FEDERAL DEPOSIT                               )        **Magistrate Judge Susan E. Cox**
INSURANCE CORP;                               )
SHOREBANK;                                    )        MAG. JUDGE
EDMOND E. CHANG                               )
CHUHAK & TECSON, P.C.;                        )
MICHAEL A. EURICH;                            )
VILLA CAPITAL PROPERTIES;                     )
GEORGE F. SCULLY JR.;                         )
ELIZABETH LYONS;                              )
DARRLY B. SIMKO;                              )
CITY OF CHICAGO;                              )
ALFRED M. SWANSON JR;                         )
MORTGAGE ELECTRONIC                           )
REGISTRATION SYSTEMS;                         )
NATIONSTAR MORTGAGE, LLC;                     )
CITIMORTGAGE, INC.;                           )
BEAR STEARNS ASSET BACKED                     )
SECURITIES I TRUST 2007-HE6;                  )
FEDERAL NATIONAL MORTGAGE                     )        **F I L E D**
ASSOCIATION;                                  )
US BANK NATIONAL ASSOCIATES;                  )        JUN  7 2017 ᴄᴍ
URBAN PARTNERSHIP BANK;                       )
MICHAEL N. VARAK;                             )        THOMAS G. BRUTON
KOVITZ, SHIFRIN & NESBIT                      )        CLERK, U.S. DISTRICT COURT
LAW OFFICE;                                   )
MEREDITH FREEMAN;                             )
PAMELA MCLEAN MEYERSON;                       )
RAYMOND W. MITCHELL;                          )
IRWIN J. SOLGANICK;                           )
ALEXANDER P. WHITE;                           )        **PLAINTIFFS' DEMAND**
TIMOTHY L. ROWELL;                            )        **FOR A TRIAL BY JURY**
STARR, BEJGIERT, ZINK& ROWELLS;               )
CODILIS & ASSOCIATES;                         )
COOK COUNTY SHERIFF'S                         )
POLICE DEPARTMENT;                            )

SONIA PASQUESI;                            )
SAMANTHA L. BABCOCK;                       )
ERIK HUBBARD;                              )
HAUSELMAN, RAPPIN &                        )
OLSWANG, LTD;                              )
RODERICK PIERCE;                           )
RUSSELL P. PERDEW;                         )
SIMON M. FENG;                             )
SIMON FLEISCHMANN;                         )
STEVEN R. RAPPIN;                          )
MINE ANDREW;                               )
TARA KENNEDY;                              )
LOUIS J. MANETTI;                          )
STEPHEN H. PUGH;                           )
KATHLEEN R. PASULKA-BROWN;                 )
PUGH, JONES & JOHNSON, P.C.;               )
ANTHONY E. ZECCHIN;                        )
COOK COUNTY STATE'S                        )
ATORNEY'S OFFICE;                          )
SHIRLEY R. CALLOWAY;                       )
ILLINOIS ATTORNEY                          )
GENERAL'S OFFICE;                          )
BRIAN R. MERFELD;                          )
McCALLA RAYMER PIERCE, LLC.;               )
DEBRA BOGO-ERNST;                          )
MICHAEL BORNHORST;                         )
MAYER BROWN;                               )
CHRISTOPHER L. GALLINARI;                  )
FLAHERTY & YOUNGERMAN, P.C.;               )
CHRISTOPHER E. RALPH;                      )
[*All government defendant(s) are*         )
*being sued in his/her Individual and/or*  )
*their Official capacity*],                )
                    Defendant(s),          )

## *"PLAINTIFF'S VERIFIED COMPLAINT–CIVIL RICO"*

1.      *Now comes* Plaintiff, Marvin Faulkner *("Faulkner")*, *pursuant to* Civil-RICO

under *18 U.S.C. §1961-66 et. seq.,* apropos to *18 U.S.C. Section 1962(c)-Racketeer*

*Influenced and Corrupt Organization Act,* as well as, 42 U.S.C. §1983; *Obstruction of*

*Justice-18 U.S. Code Section 1519* and others counts.   Faulkner is complaining about the

above captioned named Defendant(s) (Collectively, "*the Defendants)* of their unlawful and illegal *acts against* Plaintiff Marvin Faulkner; states the followings:

## I.      Brief Background of this Verified Complaint filings:

1. Herein, the Rico-Defendant(s)', as, the Rico Defendant(s) in the UNITED STATES DISTRICT COURT for the NORTHERN DISTRICT of ILLINOIS, EASTERN DIVISION of cases numbers: *1:15-cv-3344; 1:16-cv-2432* and *1:17-cv-2488* [Not attached, see the record, thereof] in the continual efforts to destroy Marvin Faulkner aimed at Faulkner's revealing the Rico-Defendants' *"Money Laundering Scheme"* which is defrauding 100's of Millions of Dollars perpetrated by said Rico-Defendant(s)' *"Money Laundering Scheme"*. Pursuant *18 U. S. Code Section 1515* Defendant(s) have obstructed justice through: *Official Proceeding*; *Misleading Conduct*; *Corruptly* that the Rico-Defendant(s) are conspiring with one another under/of criminal and civil racketeering activities [Intimidation; Altering; Falsification; Intentionally Concealing Material Facts and Creating a False Impression there of] against Marvin Faulkner for Faulkner's revealing the Rico-Defendant(s)' unlawful and illegal acts, aforementioned and layout here and after. Marvin Faulkner's life has been threatened, *as well as*, one or more violations of Faulkner's *II, IV, and XIV Amendment Rights*; Properties thief and Faulkner's reputation being greatly stained in the community.

## II.                    JURISDICTION AND VENUE:

1.      This Plaintiff's *Civil-Rico* actions are brought pursuant to and under *18 U.S.C. §1961 et. seq.* and *18 U.S.C. Section 1962(c)* (RICO), and pursuant to sections: 1952 (Racketeering); 1956(Laundering of Monetary Instruments); 1957(Property Derived for Specified Unlawful Activity); 1344(Financial Institution Fraud); 1503 and 1519

(Obstruction of Justice); 1341(Mail Fraud); 1513(Retaliating against Victim(s)…).

2.     This Court has supplemental jurisdiction over Plaintiff's State Law Claims under *28 USC §1367* as these claims are intricately related to Plaintiffs' RICO claim and other counts and form part of the same case or controversy.

3.     This Court has jurisdiction of the claim herein pursuant to *18 USCA §1964(c)* and *28 USCA §1331.* This civil action arises under the laws of the United States. Plaintiff are alleging violations of their rights under Title IX of the Organized Crime Control Act of 1970, as amended, *18 USCA §§1961* et seq.

4.     This action is also brought pursuant to 42 U.S.C. §1983 to redress the deprivation ***under color of law*** of Plaintiff's rights as secured by the United States Constitution deprivation of Faulkner's Constitutional Rights'; Federal and State Law.

5.     Although, judicial officers are accorded absolute immunity from suit for judicial acts, "immunity does not reach so far as to immunize criminal conduct proscribed by an Act of Congress," *O'Shea v. Littleton*, 414 U.S. 488, (1974), citing *Gravel v. United States*, 408 U.S. 606, (1972).

6.     The U.S. Supreme Court, in *Scheuer v. Rhodes*, 416 U.S. 232, 94 S. Ct. 1683, 1687 (1974) stated that: "when a state officer acts under a State Law in a manner violative of the Federal Constitution, he "comes into conflict with the superior authority of that Constitution, and he is in that case stripped of his official or representative character and is subjected in his person to the consequences of his individual conduct. The State has no power to impart to him any immunity from responsibility to the supreme authority of the United States".

7.     *18 U.S. Code Section 4* – "Whoever, having knowledge of the actual commission

of a felony cognizable by a court of the United States, conceals and does not as soon as possible make known the same to some Judge or other person in civil or military authority under the United States, shall be fined under this title …".   And,

8.    *Article 6, Clause 2 of the U.S. Constitution, as well as, Article 2, Section IV of the U.S. Constitution* - "…under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, anything in the Constitution or Laws of any…".

9.    Venue is proper in this district pursuant to 28 U.S.C. §1391 (e) (1) and (2), because a substantial part of the events giving rise to this claim occurred in this District in which one or more Defendant(s) is/are officer or employee of the United States; or any agency thereof acting in his *official capacity* or *under color of legal authority*; or an agency of the United States or the United States, may, except as otherwise provided by law, be brought in any Judicial District pursuant to 28 U.S.C. §1391 (e) (1) and (2).

10.    Venue is proper in the United States District Court for the Northern District of Illinois, Eastern Division pursuant to 28 U.S.C. §1391; because, the unlawful conduct alleged herein was committed and continues to occur within the boundaries of the Northern District of Illinois, Eastern Division.   Defendant(s) have operated, and continue to operate, an ongoing enterprise engage in "*Money Laundering Scheme*" which has existed for over seven years and they operate the enterprise by a continuous, systematic pattern of racketeering activity which has defrauded numerous by Extrinsic and Intrinsic Fraud perpetrated against the Plaintiff and participants in this District is substantially identical to the fraud perpetrated on the U.S. citizens.

11.     Venue is proper in this court under 18 USCA §1965(a-d) and 28 USCA §§1391 because:

    **a.**     Defendants reside, are found, have an agent, or transact his/her/its affairs and/or works here in this District.

12.     This Court has jurisdiction over the subject matter of this action pursuant to *28 U.S.C Section 1331* and *18 U.S.C Section 1961-66, 68*.

13.     This case arises under *28 U.S.C. §1332,* between the Plaintiff and the Defendant(s), through their express agent(s), have engaged in extensive and systematic conduct in this District with the intended purpose of defrauding Plaintiff exceeding of Four Million Nine Hundred Five Thousand Seven Hundred Seventy-One Dollars and Eight-Seven Cents ($4,905,771.87).

## III.                                 PARTIES:

    A.     PLAINTIFF:

1.     **Marvin Faulkner** *Plaintiff*, is a citizen of the United States, and is a resident of the State of Illinois.

    B.     DEFENDANT (S) :

1.     **BRYAN GOMEZ** *("Gomez")*, is a served *Standing Defendant*, believed to orchestrating documents of misrepresentation to facilitate the racketeering activities is a citizen of the United States, and is a resident of the State of Illinois. *[Defendant Gomez is being sued in his Official and/or Individual capacity].*

A.     **ANNA M. LOFTUS** *("Loftus")*, is a served *Standing Defendant*, (Loftus is a Judge in the State of Illinois who rescued herself from plaintiff's Faulkner's case(s) after

Faulkner filed causes of her impropriety, Loftus is purported: to be one of the directors of

the enterprise of the "Money Laundering Scheme; of Wire fraud; is receiving unlawful

payouts and is conducting Extrinsic Fraud among many. Loftus is a citizen of the United

States, and is a resident of the State of Illinois. *[Defendant Loftus is being sued in her*

*Official and/or Individual capacity]*

B.    **PIERCE & ASSOCIATES** *("Peirce")*, is a served *Standing Defendant* (Pierce is

a law firm in the States of Illinois, Michigan, Atlanta, South Carolina… who files and

manage complaint on behalf of the Bank, for ill-gotten gains, using close relationships

with judiciaries and is actively being charged with RICO); it is an active for-profit

corporation whose is existing under and by virtue of the United States of America's laws

and laws of the State of Illinois.

C.    **FEDERAL DEPOSIT INSURANCE CORPORATION ("FDIC")**, is a served

*Standing Defendant*, believed to be one of the creators of "Money Laundering Scheme"

is a corporation existing under and by virtue of the laws of the United States.

D.    **SHOREBANK** *("ShoreBank")*, is a served *Proximate Cause Defendant*,

believed to be one of the creator of "Money Laundering Scheme" is a corporation

existing under and by virtue of the laws of the State of Illinois; State of Michigan and the

State of Ohio.

E.    **EDMOND E. CHANG** *("Chang")*, is a served *Standing Defendant*, (Chang is a

Judge in the State of Illinois who rescued herself from plaintiff's Faulkner's case(s) after

Faulkner filed causes of her impropriety, Loftus is purported: to be one of the directors of

the enterprise of the "Money Laundering Scheme; of Wire fraud; is receiving unlawful

payouts and is conducting Extrinsic Fraud among many. Loftus is a citizen of the United

States, and is a resident of the State of Illinois. *[Defendant Loftus is being sued in her Official and/or Individual capacity].*

F.   **CHUHAK & TECSON P.C., *("C&T")*,** is a served *Standing Defendant*, believed to orchestrating documents of misrepresentation to facilitate the racketeering activities is a corporation existing under and by virtue of the laws of the State of Illinois.

G.   **MICHAEL A. EURICH *("Eurich')*,** is a served *Standing Defendant*, believed to orchestrating documents of misrepresentation to facilitate the racketeering activities is a citizen of the United State, and is a resident of the State of Illinois. *[Defendant Eurich is being sued in his Official and/or Individual capacity].*

H.   **VILLA CAPITAL PROPERTIES *("VCP")*,** is a served *Standing Defendant*, is a corporation existing under and by virtue of the laws of the State of Illinois.

I.   **GEORGE F. SCULLY JR. ("Scully"),** is a served *Standing Defendant,* is a citizen of the United States, and is a resident of the States of Illinois. *[Defendant Scully is being sued in his Official and/or Individual capacity].*

J.   **ELIZABETH LYONS *("Lyons")*,** is a served *Proximate Cause Defendant*, believed to misrepresentation official business to facilitate the racketeering activities is a citizen of the United States, and is a resident of the States of Illinois. *[Defendant Lyons is being sued in her Official and/or Individual capacity].*

K.   **DARRLY B. SIMKO *("Simko")*,** is a served *Standing Defendant*, is a citizen of the United States, and is a resident of the States of Illinois. *[Defendant Simko is being sued in his Official and/or Individual capacity].*

L.   **CITY OF CHICAGO *("CHICAGO")*,** is a served *Standing Defendant,* is a metropolitan; govern by the State of Illinois.

M.    **ALFRED M. SWANSON JR.** *("Swanson Jr.")*, is a served *Standing Defendant*, is a citizen of the United States, and is a resident of the States of Illinois. *[Defendant Swanson is being sued in his Official and/or Individual capacity].*

N.    **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS** *("MERS")*, is a served *Standing Defendant*, is a corporation existing under and by virtue of the laws of the State of Illinois.

O.    **NATIONSTAR MORTGAGE LLC**. *("Nationstar")*, believed to be one of the creator of "Money Laundering Scheme"  is a served *Standing Defendant*, is a corporation existing under and by virtue of the laws of the State of Illinois.

P.    **CITIMORTGAGE, INC.,** *("CitiMortgage")*, believed to be one of the creators of "Money Laundering Scheme" is a served *Standing Defendant*, is a corporation existing under and by virtue of the laws of the State of Illinois.

Q.    **BEAR STEARNS ASSET BACKED SECURITIES I TRUST 2007-HE6,** *("Bear Stearns-2007-HE6")*, is a served *Standing Defendant*, is a corporation existing under and by virtue of the laws of the State of Illinois.

R.    **FEDERAL NATIONAL MORTGAGE ASSOCIATION** *("FNM")*, believed to be one of the creator of "Money Laundering Scheme" is a served *Standing Defendant*, is a corporation existing under and by virtue of the laws of the State of Illinois.

S.    **US BANK NATIONAL ASSOCIATES** *("US Bank")*, is a severed *Standing Defendant* (US Bank is an active banking institution, a Federal Deposit Insurance Corporation (FDIC) affiliate, in the United States during business in the States of Illinois, Arizona, Arkansas, California, Colorado, Idaho, Indiana Nebraska, Nevada, Oregon, Tennessee, Utah… to further the enterprise of the *"Money Laundering Scheme"*, illicit

payouts and is active within the enterprise, herein); it is an active for-profit corporation whose principal place of business exists under and by virtue of the laws of the United States of America and the State of Illinois.

T.     **MICHAEL N. VARAK** (*"Varak"*); is a served *Standing Defendant*, (Varak is a practicing attorney in the State of Illinois, employed by Pierce & Associates they both are actively being charged with RICO; Varak is purported to being directed by Judge Loftus and Judge Sullivan; receiving unlawful payouts and is committing Mail Fraud and is active within the enterprise, herein); Varak is a citizen of the United States and resident of the State of Illinois. *[Defendant Pierce is being sued in his Official and/or Individual capacity].*

U.     **URBAN PARTNERSHIP BANK** (*"UPB"),* is a served *Standing Defendant*, believed to be one of the creator of "Money Laundering Scheme" is a corporation exist doing business under and by virtue of the laws of the State of Illinois; State of Michigan and the State of Ohio.

V.     **KOVITZ, SHIFRIN & NESBIT LAW OFFICE** (*"KS&N"*), is a served *Standing Defendant*, believed to orchestrating documents of misrepresentation to facilitate the racketeering activities is a corporation existing under and by virtue of the laws of the State of Illinois.

W.     **MEREDITH FREEMAN** (*"Freeman"*), is a served *Standing Defendant*, believed to orchestrating documents of misrepresentation to facilitate the racketeering activities is a citizen of the United States, and is a resident of the State of Illinois. *[Defendant Freeman is being sued in his Official and/or Individual capacity].*

X.     **PAMELA MCLEAN MEYERSON** (*"Meyerson"*), is a served *Standing*

*Defendant*, is a citizen of the United States, and is a resident of the State of Illinois.
*[Defendant Meyerson is being sued in her Official and/or Individual capacity].*

Y.      **RAYMOND W. MITCHELL** *("Mitchell")*, *Standing Defendant*, is a served
citizen of the United State, and is a resident of the State of Illinois. *[Defendant Mitchell is
being sued in his Official and/or Individual capacity].*

Z.      **IRWIN J. SOLGANICK** *("Solganick")*, is a served *Standing Defendant*, is a
citizen of the United States, and is a resident of the State of Illinois.  *[Defendant
Solganick is being sued in his Official and/or Individual capacity].*

AA.     **ALEXANDER P. WHITE;** *("White")*, is a served *Standing Defendant*, is a
citizen of the United States, and is a resident of the State of Illinois. *[Defendant White is
being sued in his Official and/or Individual capacity].*

BB.     **TIMOTHY L. ROWELL** *("Rowell")*, is a served *Standing Defendant*, believed
to orchestrating documents of misrepresentation to facilitate the racketeering activities is
a citizen of the United States, and is a resident of the State of Illinois.  *[Defendant
Rowell is being sued in his Official and/or Individual capacity].*

CC.     **STARR, BEJGIET, ZINK & ROWELL** *("SBZ&R")*, is a served *Proximate
Cause Defendant*, is a corporation existing under and by virtue of the laws of the State of
Illinois.

DD.     **CODILIS & ASSOCIATES:** *("Codilis")*, is a served *Standing Defendant*, is a
corporation existing under and by virtue of the laws of the State of Illinois.

EE.     **COOK COUNTY SHERIFF'S POLICE DEPARTMENT;** *("Cook County
Sheriff's")*, is a served *Proximate Cause Defendant*, is an active Governmental Law
Enforcement Agency, and is liable for and of its' employees, including, Roderick Pierce,

who is a Standing Defendant, with the Cook County Sheriff's and is a corporation existing under and by virtue of the laws of the State of Illinois.

FF.     **SONIA PASQUESI; (*"Pasquesi"*)**, is a served *Standing Defendant*, believed to orchestrating documents of misrepresentation to facilitate the racketeering activities is a citizen of the United States, and is a resident of the State of Illinois. *[Defendant Pasquesi is being sued in his Official and/or Individual capacity].*

GG.     **SAMANTHA L. BABCOCK *("Babcock")***, is a served *Standing Defendant*, believed to orchestrating documents of misrepresentation to facilitate the racketeering activities is a citizen of the United States, and is a resident of the State of Illinois. *[Defendant Babcock is being sued in his Official and/or Individual capacity].*

HH.     **ERIK HUBBARD *("Hubbard")*** is a served *Standing Defendant,* an agent of the Rico actors; is a citizen of the United States, and is a resident of the State of Illinois. *[Defendant Hubbard is being sued in his Official and/or Individual capacity].*

II.     **HAUSELMAN, RAPPIN & OLSWANG, LTD *("HR&O")***, is a served *Standing Defendant*, believed to orchestrating documents of misrepresentation to facilitate the racketeering activities is a corporation existing under and by virtue of the laws of the State of Illinois.

JJ.     **RODERICK PIERCE *("Pierce")***, is a severed *Standing Defendant*, Pierce employed by the Cook County Sheriff's Police Department, is an active Government Law Enforcement Agency, who is purported to be directed by the Circuit Court Judge; including Judge Loftus; Judge Simko; Judge Meyerson; Judge Mitchell and several other Circuit Court Judiciaries; and is active within the enterprise, herein); Pierce is a citizen of the United States, and is a resident of the State of Illinois. *[Defendant Pierce is being*

*sued in his Official and/or Individual capacity].*

KK. **RUSSELL P. PERDEW** ("*Perdew*"), is a served *Standing Defendant*, believed to orchestrating documents of misrepresentation to facilitate the racketeering activities is a citizen of the United States, and is a resident of the State of Illinois. *[Defendant Perdew is being sued in his Official and/or Individual capacity].*

LL. **SIMON M. FENG** ("*Feng*"), is a served *Standing Defendant*, believed to orchestrating documents of misrepresentation to facilitate the racketeering activities is a citizen of the United States, and is a resident of the State of Illinois. *[Defendant Feng is being sued in his Official and/or Individual capacity].*

MM. **SIMON FLEISCHMANN** ("*Fleischmann*"), is a served *Standing Defendant*, believed to orchestrating documents of misrepresentation to facilitate the racketeering activities is a citizen of the United States, and is a resident of the State of Illinois. *[Defendant Fleischmann is being sued in his Official and/or Individual capacity].*

NN. **STEVEN R. RAPPIN** ("*Rappin*"), is a served *Standing Defendant*, believed to orchestrating documents of misrepresentation to facilitate the racketeering activities is a citizen of the United States, and is a resident of the State of Illinois. *[Defendant Rappin is being sued in his Official and/or Individual capacity].*

OO. **MINE ANDREW** ("*Andrew*"), is a served *Standing Defendant*, believed to orchestrating documents of misrepresentation to facilitate the racketeering activities is a citizen of the United States, and is a resident of the State of Illinois. *[Defendant Andrew is being sued in his Official and/or Individual capacity].*

PP. **TARA KENNEDY** ("*Kenndy*"), is a served *Standing Defendant*, believed to orchestrating documents of misrepresentation to facilitate the racketeering activities is

a citizen of the United States, and is a resident of the State of Illinois. *[Defendant Kenndy is being sued in her Official and/or Individual capacity].*

QQ. **LOUIS J. MANETTI** (*"Manetti"*), is a served *Standing Defendant*, believed to orchestrating documents of misrepresentation to facilitate the racketeering activities is a citizen of the United States, and is a resident of the State of Illinois. *[Defendant Manetti is being sued in his Official and/or Individual capacity].*

RR. **STEPHEN H. PUGH** (*"Pugh"*), is a served *Standing Defendant*, believed to orchestrating documents of misrepresentation to facilitate the racketeering activities is a citizen of the United States, and is a resident of the State of Illinois. *[Defendant Pugh is being sued in his Official and/or Individual capacity].*

SS. **KATHLEEN R. PASULKA-BROWN** (*"Pasulka-Brown"*), is a served *Standing Defendant*, believed to orchestrating documents of misrepresentation to facilitate the racketeering activities is a citizen of the United States, and is a resident of the State of Illinois. *[Defendant Pasulka-Brown is being sued in her Official and/or Individual capacity].*

TT. **PUGH, JONES & JOHNSON, P.C.** (*P. J & J pc.*), is a served *Standing Defendant*, believed to orchestrating documents of misrepresentation to facilitate the racketeering activities is a corporation existing under and by virtue of the laws of the State of Illinois.

UU. **ANTHONY E. ZECCHIN** (*"Zecchin"*), a served *Standing Defendant*, believed to orchestrating documents of misrepresentation to facilitate the racketeering activities is a citizen of the United States, and is a resident of the State of Illinois. *[Defendant Zecchin is being sued in his Official and/or Individual capacity].*

VV.    **COOK COUNTY STATE'S ATTORNEY'S OFFICE** ("*CCAO*"), is a served

*Standing Defendant*, believed to orchestrating documents of misrepresentation to

facilitate the racketeering activities is a corporation existing under and by virtue of the

laws of the State of Illinois.

WW.    **SHIRLEY R. CALLOWAY** ("Calloway"), is a served *Standing Defendant*,

believed to orchestrating documents of misrepresentation to facilitate the racketeering

activities is a citizen of the United States, and is a resident of the State of Illinois.

*[Defendant Calloway is being sued in her Official and/or Individual capacity].*

XX.    **ILLINOIS ATTORNEY GENERAL'S OFFICE** ("*IAGO*"), is a served

*Standing Defendant*, believed to orchestrating documents of misrepresentation to

facilitate the racketeering activities is a corporation existing under and by virtue of the

laws of the State of Illinois.

YY.    **BRIAN R. MERFELD** ("*Merfeld*"), is a served *Standing Defendant*, believed

to orchestrating documents of misrepresentation to facilitate the racketeering activities is

a citizen of the United States, and is a resident of the State of Illinois.   *[Defendant*

*Merfeld is being sued in his Official and/or Individual capacity].*

ZZ.    **McCALLA RAYMER PIERCE, LLC**. ("*Mc RPLLc*"), is a served *Standing*

*Defendant*, believed to orchestrating documents of misrepresentation to facilitate the

racketeering activities is a citizen of the United States, and is a resident of the State of

Illinois.   *[Defendant Mc RPLLc is being sued in his Official and/or Individual capacity].*

AAA.   **DEBRA BOGO-ERNST** ("*Bogo-Ernst*"), is a served *Standing Defendant*,

believed to orchestrating documents of misrepresentation to facilitate the racketeering

activities is a citizen of the United States, and is a resident of the State of Illinois.

*[Defendant Bogo-Ernst is being sued in her Official and/or Individual capacity].*

BBB.  **MICHAEL BORNHORST** (*"Bornhorst"*), is a served *Standing Defendant*, believed to orchestrating documents of misrepresentation to facilitate the racketeering activities is a citizen of the United States, and is a resident of the State of Illinois. *[Defendant Bornhorst is being sued in his Official and/or Individual capacity].*

CCC.  **MAYER BROWN** (*"Brown"*), is a served *Standing Defendant*, believed to orchestrating documents of misrepresentation to facilitate the racketeering activities is a citizen of the United States, and is a resident of the State of Illinois. *[Defendant Brown is being sued in her Official and/or Individual capacity].*

DDD.  **CHRISTOPHER L. GALLINARI** (*"Gallinari"*), is a served *Standing Defendant*, believed to orchestrating documents of misrepresentation to facilitate the racketeering activities is a citizen of the United States, and is a resident of the State of Illinois. *[Defendant Gallinari is being sued in his Official and/or Individual capacity].*

EEE.  **FLAHERTY & YOUNGERMAN, P.C.** (*"F&Y pc."*), is a served *Standing Defendant*, believed to orchestrating documents of misrepresentation to facilitate the racketeering activities is a corporation existing under and by virtue of the laws of the State of Illinois.

FFF.  **CHRISTOPHER E. RALPH** (*"Ralph"*), is a served *Standing Defendant*, believed to orchestrating documents of misrepresentation to facilitate the racketeering activities is a citizen of the United States, and is a resident of the State of Illinois. *[Defendant Ralph is being sued in his Official and/or Individual capacity].*

## IV.                  DEFENDANTS/AGENTS:

1.     Defendants were and are engaged in a conspiracy to defraud and each of them is liable for the actions of the other as if they themselves had committed the acts.   All Defendants were acting as the agents of the others with either express or implied authority to so act in furtherance of their common goal to operate a RICO enterprise and all Defendants benefitted financially (ill-gotten gains) therefrom and ratified the acts of the others.   Therefore, all defendants are jointly and severally liable for the actions of every other Defendant(s) committed in furtherance of the conspiracy.

2.     All Municipal Governmental entities and/or entities, Defendant(s), herein (*unless, expressly, excluded by plaintiff(s))* are being sued and is responsible and can be held liable for its wrongful/illegal acts and that of its officers, directors, employees, agents, and/or shareholders and was acting *"**under the color of law**"* in the State of Illinois; of its authority, regulations, customs, and usage's and in violation of the Constitution, Federal, States and Local laws.

3.     All individual Defendants herein (*as expressly, included by the plaintiff(s)*) are being sued in their official and individual capacities and are responsible and can be held liable for his/her wrongful acts regarding and in relation to himself/herself, his/her employees and agents and was acting *"**under the color of law**"* in the State of Illinois; of its authority, regulations, customs, and usage's and in violation of the Constitution, Federal, States and Local laws.

## V.          SUMMARY OF THIS VERIFIED COMPLAINT:

1.     This is a Civil-RICO complaint by Plaintiff, Marvin Faulkner alleges four counts: **(1).** *Rico* under *18 U.S.C. §1961 et. seq.* and *18 U.S.C. Section 1962(c)* (RICO)*;* **(2).** 18 U.S.C. 1519, *Obstruction of Justice;* **(3).** *18 U.S.C. §242;* **(4).** 42 U.S.C. 1983 [fulfilling

all elements therein] and related claims that arises in this matter at bar against the

Defendant(s). Faulkner is seeking actual damages of Five Million Seven Hundred Five

Thousand Seven Hundred Seventy-One Dollars and Eighty-Seven Cents ($5,705,771.87)

from each count against each Defendant, along with, compensatory damages; treble

damages; punitive damages that are applicable under the law.

2.      Marvin Faulkner as Plaintiff, under a Pro Se Complaint must be construed liberally

and is, "held to less stringent standards than formal pleadings drafted by lawyers."

*Erickson v. Pardus*, 551 U.S. 89, 94,127 S.Ct. 2197, 2200 (2007) (citations omitted).

## VI.      GERMANE FACTS, UPON RELIEF IS BEING SOUGHT:

1.      On February 19, 2016, Marvin Faulkner and Samuel C. Umunna, as Plaintiffs, filed

a Rico-Verified Complaint with Jury Demand in the UNITED STATES DISTRICT

COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION case

number: 1:16-cv-2432 against a mass of Defendants including: Banks; Judiciaries; Law

Firm; Lawyers and others. (*See the Record*).

2.      On March 06, 2017, within Judge John W. Darrah's (Order) and Memorandum

Opinion and Order, (***Attached Court's Order as Exhibit "A"***) (*In pertinent parts*) states:

"For the reasons stated in the attached memorandum opinion and order, Defendants'

Motions to Dismiss [40, 48, 51, 76, 95, 98, 120, 123, 133, 154, 156, 158, 161, 164, 167,

169] and Motions to Dismiss [128] are denied without prejudice with leave to re-file.

Plaintiffs' Amended Verified Complaint is dismissed without prejudice; Plaintiffs are

granted leave to amend, if it can do so in strict compliance with the letter and spirit of

Rule 8 and pursuant to Rule 11, within thirty days of this Order.     Enter Memorandum

Opinion and Order. Status Hearing/motion hearing set for 3/29/17 is vacated."

3.    On March 13, 2017, EXECUTIVE COMMITTEE ORDER: "Case reassigned to the Honorable Edmond E. Chang for all further proceedings. Signed by Executive Committee on 3/13/2017."    (*See the Record*).

4.    On March 13, 2017, Judge Edmond E. Chang entered an order to add/help the Rico-Defendant(s) the defeat of Marvin Faulkner in case number: 1:16-*cv*-2432, herein. (***Attached the attached Court's Order as Exhibit "B"***).

5.    On March 13, 2017, Judge Edmond E. Chang entered an order litigating for the defendant(s) against Marvin Faulkner, plaintiff in case number: 1:16-cv-2432, herein.    . (***Attached as Exhibit "B"***).

6.    On March 13, 2017, Judge Edmond E. Chang entered an order (In pertinent part) Judge Edmond E. Chang have litigated for the Civil-Rico Defendants when in [239] (Court docket of the United States District Court Northern District of Illinois Eastern Division case number: 16-cv-2432 (the "ECF Docket No.")) herein, attached as *"Exhibit "B"* states, in pertinent parts of pages 2 and 3, that: "With the Second Amended Complaint due no April 24, 2017, the answers or dismissal motions of the Defendants are due on May 24, 2017. But the anticipated dismissal motions shall be **coordinated** to reduce overlapping arguments, much like multi-party appeals have one joint brief and then individual briefs per party only as needed. Specifically, all Defendants moving to dismiss shall file a **single, combined** motion to dismiss that lists each Defendant that is moving to dismiss and a very concise statement of the grounds. For example:

   ·   CitiMortgage: no jurisdiction under *Rooker-feldman;* fails to state claim under 12(b)(6).

   ·   City of Chicago; no jurisdiction under *Rooker-Feldman;* fails to state claim

under 12(b)(6).

- Loftus, Meyerson, Mitchell, Scully, Dimko, Solganick, Swanson, White: no jurisdiction under *Rooker-Feldman;* absolute judicial immunity; fails to state claim under 12(b)(6).

And so on.   In support of the combined, single motion, the defense shall file a joint brief

that presents arguments advanced by multiple sets of Defendants, such as *Rooker-*

*Feldman.*   Each set of Defendants also may file an individual brief that addresses

arguments specific to them, such as Rule 12(b)(6) arguments challenging the specific

allegations against the particular Defendant (or set of Defendants)…"   See attachment

***Exhibit "B"* [259]** incorporated and made a part of the document.   **In [259]**

Defendant(s) answered exactly as Judge Edmond E. Chang directed the defendant(s) to

defeat Plaintiff Marvin Faulkner.   The Defendants answered as follows (*See **Exhibit "C"***

titled: **"DEFENDANTS' COMBINED MOTION TO DISMISS PLAINTIFFS'**

**SECOND AMENDED COMPLAINT"** on pages 2, 3 and 4) (In pertinent parts).   "The

grounds to dismiss for each moving Defendant are identified below":

- The Trustee: lack of jurisdiction under *Rooker-Feldman;* claims barred by statute
of limitations; and lack of private right of action.

- MERS: failure to state a claim under Rule 12(b)(6).

- Nationstar: lack of jurisdiction under *Rooker-Feldman*; and failure to state a claim under Rule 12(b)(6).

- Fannie Mae: lack of jurisdiction under *Rooker-Feldman*; and failure to state claim under Rule 12(b)(6).

- HRO: lack of jurisdiction under *Rooker-Feldman*; and failure to state a claim under Rule 12(b)(6).

- Pasqeusi: lack of jurisdiction under *Rooker-Feldman*; and failure to state a claim under Rule 12(b)(6).

- City of Chicago: lack of jurisdiction under *Rooker-Feldman*; and failure to state a claim under Rule 12(b)(6).

- Codilis & Associates, P.C: failure to state a claim under Rule 12(b)(6).

- Timothy L. Rowells: lack of jurisdiction under *Rooker-Feldman*; claims barred by *res judicata*; and failure to state a claim under Rule 12(b)(6).

- Starr, Bejgiert, Zink & Rowells: lack of jurisdiction under *Rooker-Feldman*; claims barred by *res judicata*; and failure to state a claim under Rule 12(b)(6).

- FDIC-Receiver: lack of jurisdiction under *Rooker-Feldman*; and lack of private right of action.

- Elizabeth Lyons: failure to state a claim under Rule 12(b)(6).

- Roderick Pierce: failure to state a claim under Rule 12(b)(6).

- Daniel Gronowski: failure to state a claim under Rule 12(b)(6).

- Cook County Sheriff's Department: failure to state a claim under Rule 12(b)(6).

- Anna Loftus; Pamela Meyerson; Raymond Mitchell; George Scully; Darryl Simko; Irwin Solganick; Alfred Swanson; and alexander White (the "Judicial Defendants"): lack of jurisdiction under *Rooker-Feldman;* lack of private right of action; failure to state a claim under Rule 12(b)(6); absolute judicial immunity; and state sovereign immunity.

- Pierce & Associates: lack of jurisdiction under *Rooker-Feldman*; failure to state a claim under Rule 12(b)(6); and *res judicata*.

- Freeman: lack of jurisdiction under *Rooker-Feldman*; failure to state a claim under Rule 12(b)(6); and *res judicata*.

- Varak: lack of jurisdiction under *Rooker-Feldman*; failure to state a claim under Rule 12(b)(6) and *res judicata*..

- CitiMortgage, Inc.: lack of jurisdiction under *Rooker-Feldman*; and failure to state a claim under Rule 12(b)(6).

- Chuhak & Tecson, P.C.; Michael Eurich; and Samantha Babcock: lack of jurisdiction under *Rooker-Feldman*; res judicata; failure to state a claim under Rule 12(b)(6) and Rule 8(a); and lack of private right of action.

- Urban Partnership Bank: lack of jurisdiction under *Rooker-Feldman*; failure to state a claim under Rule 12(b)(6) and Rule 8(a); and lack of private right of

action.

- Villa Capital Properties: lack of jurisdiction under *Rooker-Feldman*; failure to state a claim under Rule 12(b)(6) and Rule 8(a); and lack of private right of action.

- Erik Hubbard: lack of jurisdiction under *Rooker-Feldman*; and failure to state a claim under Rule 12(b)(6) and Rule 8(a); and lack of private right of action.

- Kovtiz Shifrin Nesbit: lack of jurisdiction under *Rooker-Feldman*; and failure to state a claim under Rule 12(b)(6) and Rule 8(a).

- Bryant Gomez: lack of jurisdiction under *Rooker-Feldman*; and failure to state a claim under Rule 12(b)(6) and Rule 8(a).

For these reasons, the Moving Defendants respectfully request threat the Court dismiss the Second Amended Complaint in its entirety with prejudice, and grant such further relief as the Court deems fair and just."

7.   Regarding paragraph #6, above, Defendants: BRYAN GOMEZ; URBAN PARTNERSHIP BANK; ANNA M. LOFTUS; PIERCE & ASSOCIATES; FEDERAL DEPOSIT INSURANCE CORPORATION; SHOREBANK; EDMOND E. CHANG; CHUHAK & TECSON, P.C.; MICHAEL A. EURICH; VILLA CAPITAL PROPERTIES; GEORGE F. SCULLY JR.; ELIZABETH LYONS; DARRLY B. SIMKO; CITY OF CHICAGO; ALFRED M. SWANSON JR.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS; NATIONSTAR MORTGAGE, LLC; CITIMORTGAGE, INC.; BEAR STEARNS ASSET BACKED SECURITIES I TRUST 2007-HE6; FEDERAL NATIONAL MORTGAGE ASSOCIATION; US BANK NATIONAL ASSOCIATES; MICHAEL N. VARAK; KOVITZ, SHIFRIN & NESBIT LAW OFFICE; MEREDITH FREEMAN; PAMELA MCLEAN MEYERSON; RAYMOND W. MITCHELL; ALEXANDER P. WHITE; TIMOTHY L. ROWELL; STARR, BEJGIERT, ZINK & ROWELL; CODILIS & ASSOCIATES; COOK

COUNTY SHERIFF'S POLICE DEPARTMENT; SONIA PASQUESI; SAMANTHA L.

BABCOCK; ERIK HUBBARD; HAUSELMAN, RAPPIN & OLSWANG, LTD;

RODERICK PIERCE; RUSSELL P. PERDEW; SIMON M. FENG; SIMON

FLEISCHMANN; STEVEN R. RAPPIN; MINE ANDREW; TARA KENNEDY; LOUIS

J. MANETTI; STEPHEN H. PUGH; KATHLEEN R. PASULKA- BROWN; PUGH,

JONES & JOHNSON, P.C.; ANTHONY E. ZECCHIN; COOK COUNTY STATE'S

ATORNEY'S OFFICE; SHIRLEY R. CALLOWAY; ILLINOIS ATTORNEY

GENERAL'S OFFICE; BRIAN R. MERFELD; McCALLA RAYMER PIERCE, LLC.;

DEBRA BOGO - ERNST; MICHAEL BORNHORST; MAYER BROWN;

CHRISTOPHER L. GALLINARI; FLAHERTY & YOUNGERMAN, P.C. and

CHRISTOPHER E. RALPH conspired together in the litigation in case number:

1:16-cv-2432, aforementioned, willfully and willingly with intentional intent, see *Exhibit*

*"B"* and *Exhibit "C"*, herein.

8.    Judge Edmond E. Chang uses fear and intimidation by warning Plaintiff, Marvin

Faulkner was unwarranted.   On several instances Judge Edmond E. Chang intimidated

Marvin Faulkner:

**A-On March 13, 2017**, page 2 states **[239]:** "The Court warns Plaintiff(s), however, that

even a glance at some of the claims in the Amended Complaint reveal that they are

frivolous, such as purporting to bring civil claims under provisions of the federal

Criminal Code and asserting claims against state judge defendants who are judicially

immune."

**B-On May 26, 2017, [273]** (as ***Exhibit "C"***) Order "Plaintiff(s) are warned that, in order

to set the amount of fees and costs, they must cooperate in the procedure set forth in R.

254."

**C-Marvin Faulkner,** herein states: "However these are serious unwarranted threats by Judge Edmond E. Chang. Which Faulkner had done anything to warranted the above Remarks/warning from Judge Edmond E. Chang. Faulkner is not sure if Judge Edmond E. Chang is threating to **kill** Faulkner and/or have one or more of Judge Edmond E. Chang's agents **kill** Faulkner. Faulkner is not sure if Judge Edmond E. Chang is threating to **set up** Faulkner for a crime or one or more of Judge Edmond E. Chang's agents **set up** Faulkner up for a crime as Judge Anna Loftus has done. In case number: 15-cv-03344 Chief Judge Ruben Castillo warned Faulkner that to find and/or rule against the defendants in case number: 15-cv-3344 in the United States District Court For the northern District of Illinois will be a very dangerous and difficult thing to do. Through Judge Edmond E. Chang threats (herein and above) Plaintiff Marvin Faulkner is threatened and is afraid to litigate the [Plaintiff's] material issues, herein."

9.     On May 18, 2017 Judge Edmond E. Chang Order with statement, paragraph #1   of Judge Edmond E. Chang Court's Order that: "…Urban Partnership sought an order preventing the removal, R. 128, but the motion was swept up in an order entered by the previously assigned judge, R. 235…"   (***Attached the attached Court's Order as Exhibit "D"***).   Pursuant previously assigned judge, R. 235 did not swept up Urban Partnership R. 128 (*see exhibit "A"*) as Judge Edmond E. Chang stated in *Exhibit "D"*, herein.

10.   **On June 6, 2017** Plaintiff, Marvin Faulkner, received a U. S. mailing from Samuel C. Umunna *(see attachment as exhibit "E")* of a filed stamped copy, of a filing with and in the United States District Court for the Northern District of Illinois, Eastern Division stating that: "ONE OF THE PLAINTIFFS' NOTICE FOR VOLUNTARY RELEASE

OF ALL DEFENDANTS WITHOUT PREJUDICE" on the last page was/is attached as a note from Samuel C. Umunna to Marvin that stated: **"MARVIN, THE RICO-DEFENDANTS IN 16 CV 2432 ARE FORCING ME TO GO AGAINST YOU, SORRY; BUT I AM AFRAID AND WHAT EVER THEY TELL ME I HAVE TO DO. SAM."**

11.  After investigation by Marvin Faulkner, Faulkner found that Samuel C. Umunna have filed two motions to releases titled (see the record in 1:16-cv-2432, aforementioned): **(1).** On June 2, 2017 filed noticed: "ONE OF THE PLAINTIFFS' NOTICE FOR VOLUNTARY RELEASE OF ALL DEFENDANTS WITHOUT PREJUDICE" and **(2).** On June 5, 2017 filed noticed: "ONE OF THE PLAINTIFFS', SAMUEL C. UMUNNA, NOTICE FOR VOLUNTARY RELEASE OF HIMSELF".

12.  **On May 31, 2017**, Samuel C. Umunna and Marvin Faulkner filed two motions in case number: 1:16-cv-2432, titled (*See the Record; not, attached but made a part of this complaint*): **(1).** "PLAINTIFF'S, MARVIN FAULKNER'S AND SAMUEL C. UMUNNA'S, MOTION TO ADD JUDGE EDMOND E. CHANG AS DEFENDANT TO THIS FEDERAL CIVIL-RICO MATTER AT BAR".   **(2).** "PLAINTIFFS': MARVIN FAULKNER'S AND SAMUEL C. UMUNNA'S, MOTION TO RECUSEJUDGE EDMOND E. CHANG IN/FROM THIS MATTER AT BAR".

## VII.          UNDER INFORMATION AND BELIEF:

1:     Under Information and Belief: Plaintiff, Marvin Faulkner, could/will and can reveal under open; full and complete discovery; herein, the followings [*Within VII titled: Under Information and belief*]:

## A.                    The Master Plan of the Defendant(s).

1.      The "*Money Laundering Scheme*": the Banks forced and/or instructed as many loans and mortgages to go bad; become unpaid; become breached and/or misrepresented without consideration of the laws of the land; using, mortgage servicers; mortgages broker, loan officers, loan processers, underwriters and appraisers to fraudulently claim or report that mortgages went bad or unpaid to accelerate fraudulent mortgages and foreclosures - as a Default mortgages - so that the **banks** may proceed in their illicit mortgages foreclosures *loans/mortgages could be claimed in Default*" that the process of stealing properties; may begin. Thereafter, In turn, banks are ensured that the illicit/fraudulent loans/mortgages could be launder/legitimized by the legal system that judges, banks, law firms, attorneys and individuals would illicitly act **under color of the law:** by fraudulent hide information, misrepresent information, ignore documents presented before the court to prolong processing that disfavors the ill-gotten gains of the racketeering enterprise of *Conspiracy* and *Extrinsic Fraud against its clients* this ensure that the Banks can remarket their illicit/fraudulent loans and mortgages for unlawful profit/benefit from the revolving, flipping and controlling properties through recovering the illicit/fraudulent loans and mortgages; receiving ill-gotten gains.   This has increased the indebtedness to the banks of the loans/mortgages in the Bank's favor.   Through Faulkner's formally complaining against: judges, banks, law firms, attorneys and individuals of their illicit acts *under color of the law and* revealing the Defendants "Money Laundering Scheme".   Faulkner was placed on a *"Hit List"* by the Defendants, now, because of the Defendants' machinations, Faulkner's life is in danger by the Defendant(s).   That the banks are funneling unlawful pays through receivers; law firms; donations and lawyers to the judges on the bench to rule and support the banks' ill-gotten

gains.

## B.    Detailed Description of the Operation of this RICO Enterprise:

138.    The aforementioned *"Money Laundering Scheme"* enterprise is a simple but intricate system, here forth, described:

**a.**    **Banks:** are making unlawful payout to law firms and others for the accomplishments of increasing their financial bottom line, either by legal means or by twisting legal means to a semblance, as it is legal ["By hook or by crook"].

**b.**    **Law firms**: are using lawyers; judges; politician; receivers and others by designing legal methods by whatever means necessary; be they fair or foul, with a resilient of legal appearance.    **The Law firm prepares and initiates** the process as directed by the banks [to edit, falsify, create documents, if needed, to obtain its objectives].

**c.**    **Judges**: are directed to by either forced; and/or by assurance of a position to become an appointed judge or remain as an appointed judge; and/or by percentage of their ability to foreclose or transfer profit, illegitimately or legitimately, from the public or individuals to select private groups of individuals; including: banks; law firms; governmental entities or/and strongly backed individuals.    **Judges** also, provides a strong litigation for the law firms of the Plaintiffs' that banks minimize mistakes from the assigned law firm(s) or lawyer(s).    **Judges** are also used for intimidation to out siders of their enterprise.    They provide court orders to legitimize illicit actives then it, the issue, is launder by the legal system.    **Judges** also interacts among other judges for the purpose of unanimity for their racketeering and corruption of and by the actors.    **Judges** are also

used to keep other judges in line keeping silent of the racketeering, aforementioned to be sustained. **Judges** edits and instructs *lawyers and law firms'* legal theories and writing to legitimize suppositions; personally or by directions.

**d.**     **Receivers and Others**: are used as needed to perform any and all necessary tasks, at a benefit, legally or illegally for profit of their contribution and of their act or acts.

**e.**     Judge Sullivan in his illicit plot against Marvin Faulkner with Judge Loftus and other has unjustly threatened Marvin Faulkner with Contempt of Court, without a cause.

**C.**     **Fiduciary Trust between Plaintiff and Defendant(s).**

139.     The Defendant(s) used Federal and State laws: i.e. FDIC; UNITED STATES CONSTITUTION; FICA; UNIFORM COMMERCIAL CODE; and STATE LAWS that Marvin Faulkner and others entrust that their 14th Amendment of the Constitution of the United State of equal protection of the law, would be preserved, focused, and/or the principal instrument use for justice and adjudication in the court of laws would be fair and just.

**D.**     **Execution of Fiduciary Trust between Plaintiff and Defendant(s).**

140.     Marvin Faulkner was summoned to court and/or instructed by Federal and State laws to use the Court system for adjudication of any and all meritorious legal issues to the laws of the land would be fair and just.   Faulkner is a United States American citizen, with great appreciation for this Republic and respect of the laws.   Faulkner is a law abiding human being, with a strong Love of God, who is, the creator of all things. Faulkner is directed by the Christian bible {*i.*e. to do right and to stay away from doing wrong}.   Faulkner, found that some judiciaries and others, *under color of law*, are secretly using the legal system for personal ill-gotten gains.   Faulkner either made his

appearance or filed his complaint(s); pleadings and/or filings in the judicial system,
entrusting that U.S. Laws and State Laws would be preserved.

141.    Faulkner found that, secretly and deceitfully some entities are using the
established trust of the judicial system in disregard of its purpose as set forth in this
"Plaintiff's Verified Complaint-Civil Rico."

## VIII.    COUNT I – RICO (Violations of RICO, Criminal and Civil)
*(Under 18 U.S.C. §1961 et. seq. and 18 U.S.C. Section 1962(c) and 42 U.S.C. §1983)*

1.    Plaintiff, Marvin Faulkner, incorporates and restates each of all paragraphs in this
verified complaint [in reference each allegation in all sections, paragraphs, and
sub-paragraphs] as if fully set forth herein this count.

2. Defendants: BRYAN GOMEZ; URBAN PARTNERSHIP BANK; ANNA M.
LOFTUS; PIERCE & ASSOCIATES; FEDERAL DEPOSIT INSURANCE
CORPORATION; SHOREBANK; EDMOND E. CHANG; CHUHAK & TECSON,
P.C.; MICHAEL A. EURICH; VILLA CAPITAL PROPERTIES; GEORGE F. SCULLY
JR.; ELIZABETH LYONS; DARRLY B. SIMKO; CITY OF CHICAGO; ALFRED M.
SWANSON JR.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS;
NATIONSTAR MORTGAGE, LLC; CITIMORTGAGE, INC.; BEAR STEARNS
ASSET BACKED SECURITIES I TRUST 2007-HE6; FEDERAL NATIONAL
MORTGAGE ASSOCIATION; US BANK NATIONAL ASSOCIATES; MICHAEL N.
VARAK; KOVITZ, SHIFRIN & NESBIT LAW OFFICE; MEREDITH FREEMAN;
PAMELA MCLEAN MEYERSON; RAYMOND W. MITCHELL; ALEXANDER P.
WHITE; TIMOTHY L. ROWELL; STARR, BEJGIERT, ZINK & ROWELL; CODILIS
& ASSOCIATES; COOK COUNTY SHERIFF'S POLICE DEPARTMENT; SONIA

PASQUESI; SAMANTHA L. BABCOCK; ERIK HUBBARD; HAUSELMAN, RAPPIN & OLSWANG, LTD; RODERICK PIERCE; RUSSELL P. PERDEW; SIMON M. FENG; SIMON FLEISCHMANN; STEVEN R. RAPPIN; MINE ANDREW; TARA KENNEDY; LOUIS J. MANETTI; STEPHEN H. PUGH; KATHLEEN R. PASULKA-BROWN; PUGH, JONES & JOHNSON, P.C.; ANTHONY E. ZECCHIN; COOK COUNTY STATE'S ATORNEY'S OFFICE; SHIRLEY R. CALLOWAY; ILLINOIS ATTORNEY GENERAL'S OFFICE; BRIAN R. MERFELD; McCALLA RAYMER PIERCE, LLC.; DEBRA BOGO - ERNST; MICHAEL BORNHORST; MAYER BROWN; CHRISTOPHER L. GALLINARI; FLAHERTY & YOUNGERMAN, P.C. and CHRISTOPHER E. RALPH deprived Plaintiff of **Faulkner's** Constitutional Rights, as well as, violating the 2nd, 4th, 5th and 14th Amendments Rights federal rights, property interests and otherwise discriminated against Marvin Faulkner based upon the illicit acts by the defendants: GOMEZ; UPB; LOFTUS; PIERCE; FDIC; SHOREBANK; CHANG; C & T; EURICH; VCP; SCULLY JR.; LYONS; SIMKO; CHICAGO; SWANSON JR.; MERS; NATIONSTAR; CITIMORTGAGE; BEAR STEARNS 2007-HE6; FNM; US BANK; VARAK; KS& N; FREEMAN; MEYERSON; MITCHELL; WHITE; ROWELL; SBZ&R; CODILIS; COOK COUNTY SHERIFF'S; PASQUESI; BABCOCK; HUBBARD; H R & O; PIERCE; PERDEW; FENG; FLEISCHMANN; RAPPIN; ANDREW; KENNEDY; MANETTI; PUGH; PASULKA- BROWN; P. J & J p.c.; ZECCHIN; CCAO; CALLOWAY; IAGO; MERFELD; Mc R P LLC.; BOGO-ERNST; BORNHORST; BROWN; GALLINARI; F & Y p.c. and RALPH.

3.     As a direct and proximate result of defendants: GOMEZ; UPB; LOFTUS; PIERCE; FDIC; SHOREBANK; CHANG; C& T; EURICH; VCP; SCULLY JR.; LYONS;

SIMKO; CHICAGO; SWANSON JR.; MERS; NATIONSTAR; CITIMORTGAGE; BEAR STEARNS 2007-HE6; FNM; US BANK; VARAK; KS& N; FREEMAN; MEYERSON; MITCHELL; WHITE; ROWELL; SBZ&R; CODILIS; COOK COUNTY SHERIFF'S; PASQUESI; BABCOCK; HUBBARD; H R & O; PIERCE; PERDEW; FENG; FLEISCHMANN; RAPPIN; ANDREW; KENNEDY; MANETTI; PUGH; PASULKA- BROWN; P. J & J p.c.; ZECCHIN; CCAO; CALLOWAY; IAGO; MERFELD; Mc R P LLC.; BOGO-ERNST; BORNHORST; BROWN; GALLINARI; F & Y p.c. and RALPH *Violation of Rico [violations of Rico, 18 U.S.C. §1962[C] & violation of §18 U.S.C. §1962[D] and* 42 U.S.C. §1983*],* Marvin Faulkner **has** sustained injuries and/or damages.

      a.   The Plaintiff is targeted and harmed physically, by illness and emotionally distress of the illicit plot by the Defendant(s).

      b.   The Plaintiff has suffered extreme financial damages as aforementioned in this Verified Complaint.

      c.   The Plaintiff believe that their telephones and computers are being tap by the Defendant(s).

## FRAUD
## CONSPIRACY TO VIOLATE RICO,

A.  Defendant(s) conduct as described above constitutes common law fraud. Plaintiffs incorporate all allegations of fraud in their RICO claim into this claim and hereby assert a claim for fraud and recovery of actual and punitive damages.

A1.  Defendant(s), either directly or through their agents or as part of the overall conspiracy as described herein misrepresented the benefits against Plaintiff.

A2.   These misrepresentations were made either willfully, or alternatively, negligently without regard for their truth.   The misrepresentations were intended by Defendants to be relied on by Plaintiff.   Defendant(s) willfully, or alternatively, negligently, prevented plaintiff Faulkner from fully understanding the truth in order to prevent Plaintiff Faulkner from discovering the various misrepresentations and fraud, or alternatively, negligence as alleged herein.

A3.   Defendant(s) also fraudulently and intentionally concealed material facts from Plaintiff Faulkner when defendants under color of law refuse to step forward of the Edmond E. Chang litigation for the defendants and the defendants not revealing the cover up committing conspiracy to defraud Faulkner in concealment by the Defendants which calculated, willful and intentional and renders Defendant(s) liable to Plaintiff for actual and punitive damages as though said Defendant(s) had affirmatively stated the non-existence of the matters said Defendant(s) concealed.   The acts of said Defendant(s) as aforesaid render said Defendant(s) liable to Plaintiff and causes of action are hereby stated for fraudulent concealment.

A4.   Defendants' conduct constitutes criminal and civil conspiracy thereby making all and/or some of the Defendant(s) equally liable for the conduct of all and/or some other Defendant(s) jointly and severally acts.

4.   As a direct and proximate result of the defendants: GOMEZ; UPB; LOFTUS; PIERCE; FDIC; SHOREBANK; CHANG; C& T; EURICH; VCP; SCULLY JR.; LYONS; SIMKO; CHICAGO; SWANSON JR.; MERS; NATIONSTAR; CITIMORTGAGE; BEAR STEARNS 2007-HE6; FNM; US BANK; VARAK; KS& N; FREEMAN; MEYERSON; MITCHELL; WHITE; ROWELL; SBZ&R; CODILIS;

COOK COUNTY SHERIFF'S; PASQUESI; BABCOCK; HUBBARD; H R & O;

PIERCE; PERDEW; FENG; FLEISCHMANN; RAPPIN; ANDREW; KENNEDY;

MANETTI; PUGH; PASULKA- BROWN; P. J & J p.c.; ZECCHIN; CCAO;

CALLOWAY; IAGO; MERFELD; Mc R P LLC.; BOGO-ERNST; BORNHORST;

BROWN; GALLINARI; F & Y p.c. and RALPH violations Marvin Faulkner's

Constitutional Rights as well as, violating the 2nd, 4th, 5th and 14th Amendments Rights of

Marvin Faulkner **has** suffered severe and substantial damages.   These damages include

loss of income, loss of benefits, loss of investments, diminished earnings capacity, loss of

career and business opportunities, litigation expenses including attorney fees, loss of

reputation, humiliation, intimidation, embarrassment, inconvenience, mental and

emotional anguish and distress and other compensatory damages, in an amount to be

determined by a jury and the Court.

   ***WHEREFORE***, Plaintiff is requesting in the amount of Five Million

Seven Hundred Five Thousand Seven Hundred Seventy-One Dollars and Eighty-Seven

Cents **($5,705,771.87)** in *actual damages*.   **(TO BE DETERMINED)** in *compensatory*

*damages*.   Seventeen Million One Hundred Seventeen Thousand Three Hundred Fifteen

Dollars and Sixty-One cents **($17,117,315.61)** *in treble damages* and Forty Million

Dollars **($40,000,000.00)** in *punitive damages;* releasing Plaintiff, Marvin Faulkner from

harm by the defendant(s); attorney's fees and costs (*if applicable*) and any other just

remedy that this Honorable Court believes is just and in favor of the Plaintiff.

   ***AND,*** Plaintiff prays for judgment against each Defendant(s), herein listed above

in Count I, and each of them as follows:

1. For threefold the damages actually sustained and the costs of suit, in a sum not

less than Four Million Nine Hundred Five Thousand Seven Hundred Seventy-One

Dollars and Eight-Seven Cents [$5,705,771.87], including a reasonable attorney's fee, (if

applicable) pursuant to 18 USCA §1964 (c) and 42 U.S.C. §1983 with interest there at the

rate of Seven percent ( 7%) per annum;

2. For such other and further relief as the Jury/Court may deem appropriate pursuant

to 18 USCA §1964 and 42 U.S.C. §1983;

3. For such other and further relief as the Jury/Court may deem appropriate

pursuant to 18 USCA §1964 and 42 U.S.C. §1983;

COUNT II  *Obstruction of Justice;* 18 U.S. Code Section 1519-
*Destruction, Alteration, Conceal or Falsification of Records…*

1.   Plaintiff Marvin Faulkner incorporates and restates each all paragraphs in this

verified complaint [in reference each allegation in all of the sections, paragraphs, and

sub-paragraphs] as if fully set forth herein this count.

2.   Defendants: BRYAN GOMEZ; ANNA M. LOFTUS; EDMOND E. CHANG;

MICHAEL A. EURICH; GEORGE F. SCULLY JR.; ELIZABETH LYONS; DARRLY

B. SIMKO; ALFRED M. SWANSON JR.; MICHAEL N. VARAK; MEREDITH

FREEMAN; PAMELA MCLEAN MEYERSON; RAYMOND W. MITCHELL;

ALEXANDER P. WHITE; TIMOTHY L. ROWELL; SONIA PASQUESI;

SAMANTHA L. BABCOCK; ERIK HUBBARD; RODERICK PIERCE; RUSSELL P.

PERDEW; SIMON M. FENG; SIMON FLEISCHMANN; STEVEN R. RAPPIN; MINE

ANDREW; TARA KENNEDY; LOUIS J. MANETTI; STEPHEN H. PUGH;

KATHLEEN R. PASULKA- BROWN; ANTHONY E. ZECCHIN; SHIRLEY R.

CALLOWAY; BRIAN R. MERFELD; McCALLA RAYMER PIERCE, LLC.; DEBRA

BOGO - ERNST; MICHAEL BORNHORST; MAYER BROWN; CHRISTOPHER L.

GALLINARI; FLAHERTY & YOUNGERMAN, P.C. and CHRISTOPHER E. RALPH

deprived Plaintiff of **Faulkner's** Constitutional Rights, as well as, violating the 2nd, 4th,

5th and 14th Amendments Rights federal rights, property interests and otherwise

defrauded against Marvin Faulkner based upon the illicit acts by the defendants:

GOMEZ; LOFTUS; CHANG; EURICH; SCULLY JR.; LYONS; SIMKO; SWANSON

JR.; VARAK; FREEMAN; MEYERSON; MITCHELL; WHITE; ROWELL;

PASQUESI; BABCOCK; HUBBARD; PERDEW; FENG; FLEISCHMANN; RAPPIN;

ANDREW; KENNEDY; MANETTI; PUGH; PASULKA- BROWN; ZECCHIN;

CALLOWAY; MERFELD; BOGO-ERNST; BORNHORST; BROWN; GALLINARI

and RALPH.

3.     As a direct and proximate result of GOMEZ; LOFTUS; CHANG; EURICH;

SCULLY JR.; LYONS; SIMKO; SWANSON JR.; VARAK; FREEMAN; MEYERSON;

MITCHELL; WHITE; ROWELL; PASQUESI; BABCOCK; HUBBARD; PERDEW;

FENG; FLEISCHMANN; RAPPIN; ANDREW; KENNEDY; MANETTI; PUGH;

PASULKA- BROWN; ZECCHIN; CALLOWAY; MERFELD; BOGO-ERNST;

BORNHORST; BROWN; GALLINARI and RALPH.  *Concealments; Cover up and*

*Intimidation* against Marvin Faulkner **has** sustained injuries and/or damages.

     a.     The Plaintiff is targeted and harmed physically, by illness and

emotionally distress of the illicit plot by the Defendant(s).

     b.     The Plaintiff have suffered extreme financial damages as

aforementioned in this "*Verified Complaint*".

     c.     The Plaintiff believe that their telephones and computers are being tap

by the Defendant(s).

4.     That continually from the period of 2008 and 2017 of this *"Verified Complaint"* Defendant(s), as a result that, the Plaintiff exercised his constitutional, State and local rights to defend himself and his properties against the corruptions of the Defendants, as aforementioned.

5.     The Defendant(s), herein, both directly and indirectly, individually and through its agents, servants and employees, herein in this Count XI §1986 Conspiracy; Cover up and Falsification ignoring their known of should know duties in this regard, *under the color of law*, carelessly and prior thereto, caused and permitted said harm to become and remain against the Plaintiff Faulkner.

6.     That during the period of 2008 thru 2017 of this *"Verified Complaint"* Plaintiff filed complaint with the FBI, the Judicial Board, to the Circuit of Cook County, the United States District Court for the Northern District of Illinois, Eastern Division for protection against the Plaintiffs from the defendants on many occasions, Plaintiff had warned the Defendant(s) of their harm, to the Plaintiffs.

7.     That the Defendant(s) by its servants, agents and employees was then and there guilty of one or more of the following harms, negligent acts and/or omissions:

       a).     Plaintiff directly of effect by the aforementioned Destruction, Alteration, Conceal or Falsification of Records.

       b).     Defendant(s) threaten and is threatening Plaintiff liberty, lives and enjoyment of life aiming to hurt or embed fear in the Plaintiff for his legal litigations.

8.     That by reason of the set forth in this *"Verified Complaint"* of paragraphs, above as a result of the aforesaid intention and directly or indirectly, of the said Defendants, as a

result that, Plaintiff, Marvin Faulkner, was caused to suffer divers temporary and permanent fear and harm to their way of life, bodies, financial depletion, their reputation, their ability of life, liberty and the pursuant of happiness. Plaintiff has been and will be prevented from attending to their usual affairs and duties and has lost and will continue to lose great gains they would otherwise has acquired.

9.     The Defendants knowingly alters, destroys, mutilates, conceals, covers up, falsifies, or makes a false entry in any record, document, or tangible object with the intent to impede, obstruct, or influence the investigation or proper administration of any matter within the jurisdiction of any department…, aforementioned.

10.     As a direct and proximate result of the GOMEZ; LOFTUS; CHANG; EURICH; SCULLY JR.; LYONS; SIMKO; SWANSON JR.; VARAK; FREEMAN; MEYERSON; MITCHELL; WHITE; ROWELL; PASQUESI; BABCOCK; HUBBARD; PERDEW; FENG; FLEISCHMANN; RAPPIN; ANDREW; KENNEDY; MANETTI; PUGH; PASULKA- BROWN; ZECCHIN; CALLOWAY; MERFELD; BOGO-ERNST; BORNHORST; BROWN; GALLINARI and RALPH. Violations of Marvin Faulkner constitutional rights, Marvin Faulkner **has** suffered severe and substantial damages. These damages include loss of income, loss of benefits, loss of investments, diminished earnings capacity, loss of career and business opportunities, litigation expenses including attorney fees, loss of reputation, humiliation, intimidation, cover up embarrassment, inconvenience, mental and emotional anguish and distress and other compensatory damages, in an amount to be determined by a jury and the Court.

     ***WHEREFORE***, Plaintiff is requesting against the Defendant(s) and in

Favor of the Plaintiffs in the amount of Five Million Seven Hundred Five Thousand
Seven Hundred Seventy-One Dollars and Eighty-Seven Cents **($5,705,771.87)** in *actual
damages*. **(TO BE DETERMINED)** in *compensatory damages*. Seventeen Million One
Hundred Seventeen Thousand Three Hundred Fifteen Dollars and Sixty-One cents
**($17,117,315.61)** *in treble damages* and Forty Million Dollars **($40,000,000.00)** in
*punitive damages;* releasing Plaintiff, Marvin Faulkner from harm by the defendant(s);
attorney's fees and costs (*if applicable*) and any other just remedy that this Honorable
Court believes is just and in favor of the Plaintiff.

## COUNT III - 18 U.S.C § 242
Violation of Plaintiffs' Federal and Legal Rights of
*"Article 6, Clause 2 and Article 2, Section IV of the U.S. Constitution"*

1.  Plaintiff Marvin Faulkner incorporates and restates each paragraphs in this verified
complaint [in reference each allegation in all of the sections, paragraphs, and sub-
paragraphs] as if fully set forth herein this count.

2.  BRYAN GOMEZ; ANNA M. LOFTUS; EDMOND E. CHANG; MICHAEL A.
EURICH; GEORGE F. SCULLY JR.; ELIZABETH LYONS; DARRLY B. SIMKO;
ALFRED M. SWANSON JR.; MICHAEL N. VARAK; MEREDITH FREEMAN;
PAMELA MCLEAN MEYERSON; RAYMOND W. MITCHELL; ALEXANDER P.
WHITE; TIMOTHY L. ROWELL; SONIA PASQUESI; SAMANTHA L. BABCOCK;
ERIK HUBBARD; RODERICK PIERCE; RUSSELL P. PERDEW; SIMON M. FENG;
SIMON FLEISCHMANN; STEVEN R. RAPPIN; MINE ANDREW; TARA
KENNEDY; LOUIS J. MANETTI; STEPHEN H. PUGH; KATHLEEN R. PASULKA-
BROWN; PUGH, JONES & JOHNSON, P.C.; ANTHONY E. ZECCHIN; SHIRLEY R.
CALLOWAY; BRIAN R. MERFELD; DEBRA BOGO - ERNST; MICHAEL

BORNHORST; MAYER BROWN; CHRISTOPHER L. GALLINARI; and

CHRISTOPHER E. RALPH **have** acted under the color of law when GOMEZ; LOFTUS;

CHANG; EURICH; SCULLY JR.; LYONS; SIMKO; SWANSON JR.; VARAK;

FREEMAN; MEYERSON; MITCHELL; WHITE; ROWELL; PASQUESI; BABCOCK;

HUBBARD; PERDEW; FENG; FLEISCHMANN; RAPPIN; ANDREW; KENNEDY;

MANETTI; PUGH; PASULKA- BROWN; ZECCHIN; CALLOWAY; MERFELD;

BOGO-ERNST; BORNHORST; BROWN; GALLINARI and RALPH deprived Plaintiff

of **Faulkner's** Constitutional Rights, as well as, violating the 2nd, 4th, 5th and 14th

Amendments Rights federal rights, property interests and otherwise discriminated against

Marvin Faulkner based upon the illicit acts by: GOMEZ; LOFTUS; CHANG; EURICH;

SCULLY JR.; LYONS; SIMKO; SWANSON JR.; VARAK; FREEMAN; MEYERSON;

MITCHELL; WHITE; ROWELL; PASQUESI; BABCOCK; HUBBARD; PERDEW;

FENG; FLEISCHMANN; RAPPIN; ANDREW; KENNEDY; MANETTI; PUGH;

PASULKA- BROWN; ZECCHIN; CALLOWAY; MERFELD; BOGO-ERNST;

BORNHORST; BROWN; GALLINARI and RALPH.

3.    As a direct and proximate result of GOMEZ; LOFTUS; CHANG; EURICH;

SCULLY JR.; LYONS; SIMKO; SWANSON JR.; VARAK; FREEMAN; MEYERSON;

MITCHELL; WHITE; ROWELL; PASQUESI; BABCOCK; HUBBARD; PERDEW;

FENG; FLEISCHMANN; RAPPIN; ANDREW; KENNEDY; MANETTI; PUGH;

PASULKA- BROWN; ZECCHIN; CALLOWAY; MERFELD; BOGO-ERNST;

BORNHORST; BROWN; GALLINARI and RALPH.  *Violation of 18 U.S.C. §242*,

Marvin Faulkner **has** sustained injuries and/or damages.

      a.    The Plaintiff is targeted and harmed physically, by illness and

emotionally distress of the illicit plot by the Defendant(s).

      b.    The Plaintiff have suffered extreme financial damages as aforementioned in this "*Verified Complaint*".

      c.    The Plaintiff believe that their telephones and computers are being tap by the Defendant(s).

4.    That continually from the period of 2008 and 2017 of this "*Verified Complaint*" Defendant(s), as a result that, the Plaintiff exercised their constitutional, State and local rights to defend themselves and their properties against corruption against the Defendant(s), as aforementioned.

5.    The Defendant(s), herein, both directly and indirectly, individually and through its agents, servants and employees, herein in this Count XI §1986 Conspiracy well knowing its duty in this regard, *under the color of law*, carelessly and prior thereto, caused and permitted said harm to become and remain against the Plaintiffs.

6.    That during the period of 2008 thru 2017 of this "*Verified Complaint*" Plaintiff filed complaints with the FBI, the Judicial Board, to the Circuit of Cook County, the United States District Court for the Northern District of Illinois, Eastern Division for protection against the Plaintiff from the Defendant(s) on many occasion, Plaintiff had warned the Defendant(s) their harm to the Plaintiff.

7.    That the Defendant(s) by its servants, agents and employees was then and there guilty of one or more of the following harms, negligent acts and/or omissions:

      a).    Defendant(s) acts towards/to the Plaintiff due to the Plaintiff color and/or race being: African American is Unconstitutional under United States Laws.

      b).    Plaintiff [as Anna M. Loftus said to Faulkner: "Nigger, I'm going to enjoy

destroying you!!!" on February 03, 2015] is being punished for being African American.

8.     That by reason of the set forth in the "*Verified Complaint*" of paragraphs set forth above as a result of the aforesaid intention and directly or indirectly, of the said Defendants, as a result that Plaintiff, Marvin Faulkner, was caused to suffer divers temporary and permanent fear and harm to their way of life, bodies, financial depletion, their reputation, their ability of life, liberty and the pursuant of happiness.   Plaintiff has been and will be prevented from attending to their usual affairs and duties and has lost and will continue to lose great gains they would otherwise have made and acquired.

9.     As a direct and proximate result of the GOMEZ; LOFTUS; CHANG; EURICH; SCULLY JR.; LYONS; SIMKO; SWANSON JR.; VARAK; FREEMAN; MEYERSON; MITCHELL; WHITE; ROWELL; PASQUESI; BABCOCK; HUBBARD; PERDEW; FENG; FLEISCHMANN; RAPPIN; ANDREW; KENNEDY; MANETTI; PUGH; PASULKA- BROWN; ZECCHIN; CALLOWAY; MERFELD; BOGO-ERNST; BORNHORST; BROWN; GALLINARI and RALPH.   Violations of Marvin Faulkner Constitutional rights, Marvin Faulkner **has** suffered severe and substantial damages. These damages include loss of income, loss of benefits, loss of investments, diminished earnings capacity, loss of career and business opportunities, litigation expenses including attorney fees, loss of reputation, humiliation, intimidation, embarrassment, inconvenience, mental and emotional anguish and distress and other compensatory damages, in an amount to be determined by a jury and the Court.

   **WHEREFORE**, Plaintiff is requesting against the Defendant(s) and in Favor of the Plaintiff in the amount of Five Million Seven Hundred Five Thousand Seven

Hundred Seventy-One Dollars and Eighty-Seven Cents **($5,705,771.87)** in *actual*

*damages*. **(TO BE DETERMINED)** in *compensatory damages*.   Seventeen Million One

Hundred Seventeen Thousand Three Hundred Fifteen Dollars and Sixty-One cents

**($17,117,315.61)** *in treble damages* and Forty Million Dollars **($40,000,000.00)** in

*punitive damages;* releasing Plaintiffs, Marvin Faulkner from

harm by the defendant(s); attorney's fees and costs (*if applicable*) and any other just

remedy that this Honorable Court believes is just and in favor of the Plaintiffs.

## COUNT IV - 42 U. S. C. § 1983
Violation of Plaintiff's Federal and Legal Rights

1.   Plaintiff, Marvin Faulkner incorporates and restates each of the paragraphs in this

verified complaint [in reference each allegation in all of the sections, paragraphs, and

sub-paragraphs] as if fully set forth herein this count.

2.   BRYAN GOMEZ; URBAN PARTNERSHIP BANK; ANNA M. LOFTUS;

PIERCE & ASSOCIATES; FEDERAL DEPOSIT INSURANCE CORPORATION;

SHOREBANK; EDMOND E. CHANG; CHUHAK & TECSON, P.C.; MICHAEL A.

EURICH; VILLA CAPITAL PROPERTIES; GEORGE F. SCULLY JR.; ELIZABETH

LYONS; DARRLY B. SIMKO; CITY OF CHICAGO; ALFRED M. SWANSON JR.;

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS; NATIONSTAR

MORTGAGE, LLC; CITIMORTGAGE, INC.; BEAR STEARNS ASSET BACKED

SECURITIES I TRUST 2007-HE6; FEDERAL NATIONAL MORTGAGE

ASSOCIATION; US BANK NATIONAL ASSOCIATES; MICHAEL N. VARAK;

KOVITZ, SHIFRIN & NESBIT LAW OFFICE; MEREDITH FREEMAN; PAMELA

MCLEAN MEYERSON; RAYMOND W. MITCHELL; ALEXANDER P. WHITE;

TIMOTHY L. ROWELL; STARR, BEJGIERT, ZINK & ROWELL; CODILIS & ASSOCIATES; COOK COUNTY SHERIFF'S POLICE DEPARTMENT; SONIA PASQUESI; SAMANTHA L. BABCOCK; ERIK HUBBARD; HAUSELMAN, RAPPIN & OLSWANG, LTD; RODERICK PIERCE; RUSSELL P. PERDEW; SIMON M. FENG; SIMON FLEISCHMANN; STEVEN R. RAPPIN; MINE ANDREW; TARA KENNEDY; LOUIS J. MANETTI; STEPHEN H. PUGH; KATHLEEN R. PASULKA-BROWN; PUGH, JONES & JOHNSON, P.C.; ANTHONY E. ZECCHIN; COOK COUNTY STATE'S ATORNEY'S OFFICE; SHIRLEY R. CALLOWAY; ILLINOIS ATTORNEY GENERAL'S OFFICE; BRIAN R. MERFELD; McCALLA RAYMER PIERCE, LLC.; DEBRA BOGO - ERNST; MICHAEL BORNHORST; MAYER BROWN; CHRISTOPHER L. GALLINARI; FLAHERTY & YOUNGERMAN, P.C. and CHRISTOPHER E. RALPH **have** acted under the color of law when GOMEZ; UPB; LOFTUS; PIERCE; FDIC; SHOREBANK; CHANG; C& T; EURICH; VCP; SCULLY JR.; LYONS; SIMKO; CHICAGO; SWANSON JR.; MERS; NATIONSTAR; CITIMORTGAGE; BEAR STEARNS 2007-HE6; FNM; US BANK; VARAK; KS& N; FREEMAN; MEYERSON; MITCHELL; WHITE; ROWELL; SBZ&R; CODILIS; COOK COUNTY SHERIFF'S; PASQUESI; BABCOCK; HUBBARD; H R & O; PIERCE; PERDEW; FENG; FLEISCHMANN; RAPPIN; ANDREW; KENNEDY; MANETTI; PUGH; PASULKA- BROWN; P. J & J p.c.; ZECCHIN; CCAO; CALLOWAY; IAGO; MERFELD; Mc R P LLC.; BOGO-ERNST; BORNHORST; BROWN; GALLINARI; F & Y p.c. and RALPH deprived Marvin Faulkner of **his** Constitutional Rights, as well as, violating the 2nd, 4th, 5th and 14th Amendments Rights federal rights, property interests and otherwise discriminated against Marvin Faulkner

based upon the illicit acts by the GOMEZ; UPB; LOFTUS; PIERCE; FDIC; SHOREBANK; CHANG; C& T; EURICH; VCP; SCULLY JR.; LYONS; SIMKO; CHICAGO; SWANSON JR.; MERS; NATIONSTAR; CITIMORTGAGE; BEAR STEARNS 2007-HE6; FNM; US BANK; VARAK; KS& N; FREEMAN; MEYERSON; MITCHELL; WHITE; ROWELL; SBZ&R; CODILIS; COOK COUNTY SHERIFF'S; PASQUESI; BABCOCK; HUBBARD; H R & O; PIERCE; PERDEW; FENG; FLEISCHMANN; RAPPIN; ANDREW; KENNEDY; MANETTI; PUGH; PASULKA-BROWN; P. J & J p.c.; ZECCHIN; CCAO; CALLOWAY; IAGO; MERFELD; Mc R P LLC.; BOGO-ERNST; BORNHORST; BROWN; GALLINARI; F & Y p.c. and RALPH

3. As a direct and proximate result of GOMEZ; UPB; LOFTUS; PIERCE; FDIC; SHOREBANK; CHANG; C& T; EURICH; VCP; SCULLY JR.; LYONS; SIMKO; CHICAGO; SWANSON JR.; MERS; NATIONSTAR; CITIMORTGAGE; BEAR STEARNS 2007-HE6; FNM; US BANK; VARAK; KS& N; FREEMAN; MEYERSON; MITCHELL; WHITE; ROWELL; SBZ&R; CODILIS; COOK COUNTY SHERIFF'S; PASQUESI; BABCOCK; HUBBARD; H R & O; PIERCE; PERDEW; FENG; FLEISCHMANN; RAPPIN; ANDREW; KENNEDY; MANETTI; PUGH; PASULKA-BROWN; P. J & J p.c.; ZECCHIN; CCAO; CALLOWAY; IAGO; MERFELD; Mc R P LLC.; BOGO-ERNST; BORNHORST; BROWN; GALLINARI; F & Y p.c. and RALPH *Violation of 42 U.S.C. §1983*, Marvin Faulkner **has** sustained injuries and/or damages.

    a. The Plaintiff is targeted and harmed physically, by illness and emotionally distress of the illicit plot by the Defendant(s).

    b. The Plaintiff has suffered extreme financial damages as aforementioned in this *Verified Complaint*.

c.     The Plaintiff believe that their telephones and computers are being tap by the Defendant(s).Judge was hired by the State as an officer of the Court to protect the public from injustice and did not.

4.     That continually from the period of 2008 and 2017 of this "*Verified Complaint*" Defendants' plot to destroy the Plaintiff; because the Plaintiff preformed and exercised their constitutional, State and local rights to defend themselves and their properties against corruption against the Defendants, as aforementioned.

5.     The Defendant(s), herein, both directly and indirectly, individually and through its agents, servants and employees, herein in this Count XI §1986 Conspiracy well knowing its duty in this regard, under the color of law, carelessly and prior thereto, caused and permitted said harm to become and remain against the Plaintiff.

6.     That during the period of 2008 thru 2017 of this "*Verified Complaint*" Plaintiff filed with the FBI, the Judicial Board, to the Circuit of Cook County, the United States District Court for the Northern District of Illinois, Eastern Division for protection against the Defendants on many occasions, Plaintiff had made aware to the Defendant(s) of the harm and fear the Plaintiffs have of the Defendant(s).

7.     That the Defendants by its servants, agents and employees were then and there guilty of one or more of the following harms, negligent acts and/or omissions:

a).     Defendant(s) derivation of Plaintiff his Constitutional Rights, Privileges that are/is secured by laws in a continuous manner plot/plotted against the Plaintiff to fulfill their conspiracy to defraud the Plaintiff Faulkner's and the Plaintiff Faulkner way of life.

b).     Defendant(s) in their reckless and direct acts caused Plaintiff irreversible harm, as set forth in this "*Verified Complaint*". *(But, not limited to).*

8.    That by reason of the set forth in the "*Verified Complaint*" of paragraphs above as result of the aforesaid intention and directly or indirectly, of the said Defendant(s), as a result that, Plaintiff, Marvin Faulkner was caused to suffer diver's temporary and permanent fear and harm to their way of life, bodies, financial depletion, their reputation, their ability of life, liberty and the pursuant of happiness.    Plaintiff has been and will be prevented from attending to their usual affairs and duties and has lost and will continue to lose great gains they would otherwise have acquired.

9.    As a direct and proximate result of the GOMEZ; UPB; LOFTUS; PIERCE; FDIC; SHOREBANK; CHANG; C& T; EURICH; VCP; SCULLY JR.; LYONS; SIMKO; CHICAGO; SWANSON JR.; MERS; NATIONSTAR; CITIMORTGAGE; BEAR STEARNS 2007-HE6; FNM; US BANK; VARAK; KS& N; FREEMAN; MEYERSON; MITCHELL; WHITE; ROWELL; SBZ&R; CODILIS; COOK COUNTY SHERIFF'S; PASQUESI; BABCOCK; HUBBARD; H R & O; PIERCE; PERDEW; FENG; FLEISCHMANN; RAPPIN; ANDREW; KENNEDY; MANETTI; PUGH; PASULKA-BROWN; P. J & J p.c.; ZECCHIN; CCAO; CALLOWAY; IAGO; MERFELD; Mc R P LLC.; BOGO-ERNST; BORNHORST; BROWN; GALLINARI; F & Y p.c. and RALPH violations of Faulkner's constitutional rights Faulkner **has** suffered severe and substantial damages.    These damages include loss of income, loss of benefits, loss of investments, diminished earnings capacity, loss of career and business opportunities, litigation expenses including attorney fees, loss of reputation, humiliation, intimidation, embarrassment, inconvenience, mental and emotional anguish and distress and other compensatory damages, in an amount to be determined by a jury and the Court.

    ***WHEREFORE***, Plaintiff is requesting against the Defendant(s) and in

Favor of the Plaintiff in the amount of Five Million Seven Hundred Five Thousand Seven

Hundred Seventy-One Dollars and Eighty-Seven Cents **($5,705,771.87)** in *actual*

*damages*. **(TO BE DETERMINED)** in *compensatory damages*. Seventeen Million One

Hundred Seventeen Thousand Three Hundred Fifteen Dollars and Sixty-One cents

**($17,117,315.61)** *in treble damages* and Forty Million Dollars **($40,000,000.00)** in

*punitive damages;* releasing Plaintiff, Marvin Faulkner, from harm by the defendant(s);

attorney's fees and costs (*if applicable*) and any other just remedy that this Honorable

Court believes is just and in favor of the Plaintiff.

## IX.        DISCOVERY RULE AND FRAUDULENT CONCEALMENT

1.    Plaintiff hereby affirmatively pleads the discovery rule and would show that

Plaintiff's claims are not barred by limitations and accrued only when Plaintiff

discovered or, in the exercise of reasonable diligence, should have discovered the facts

giving rise to their causes of action.

a).    Plaintiff hereby affirmatively plead fraudulent concealment and would show that

Plaintiff's claims are not barred by limitations and accrued only when Plaintiff

discovered the Defendant(s)' fraudulent concealment of the facts giving rise to

Plaintiff's causes of actions.

## IX.        JURY DEMAND

1.    Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff(s) hereby demands a

trial by jury on all issues tribal/trial by jury.

a).    Plaintiff request this case be decided by a jury, and the appropriate jury fee

has been paid by the Plaintiff.

## X.                    REQUESTED RELIEF

1.   Plaintiff request Defendants to be cited to appear and answer and that they
have judgment for their damages, treble damages, punitive damages, costs, interest,
attorney's fees, relief under 18 USC §1964(a) and any other relief to which they may
show themselves entitled.

   a).   Due to additional information has been searched and not yet received of
documents, exhibits and facts, not yet plead, herein.   Plaintiff request additional time
to supplement and/or amended this "*Verified Complaint*".   Additional title violations and
additional common law claims have not yet been inclusive of this "*Verified Complaint*".
And, if discovery is not granted for any reason and/or request for dismissal of this
"*Verified Complaint*" is requested by any party or entity of this matter and upon
Plaintiff's request; Plaintiff calls for dismissal of the "*Verified Complaint*" without
prejudice by this Honorable Court.

## XI.                    CLAIM FOR RELIEF

1.   *WHEREFORE,* Plaintiff, Marvin Faulkner, on behalf of himself respectfully
request that the Court;

   A.   Enter judgments against each of the Defendant and in favor of the Plaintiff
and each of the respective violations of RICO and Counts: I; II; III and IV;

   B.   Award the Plaintiff actual (**$5,705,771.87**) and compensatory damages, trebled,
in an amount to be determined at trial;

   C.   Award the Plaintiff restitution or disgorgement of ill-gotten gains, as
appropriate;

   D.   Award the Plaintiff exemplary and/or punitive damages predicated on

Faulkner's claim for Obstruction of Justice; Conspiracy and Fraud, as allowed by law;

E. Award the Plaintiff costs of suit, including reasonable attorneys' fee, as provided by law;

F. Award the Plaintiff prejudgment and post-judgment interest, as allowed by law

G. For appropriate declaratory relief regarding the unlawful and unconstitutional acts and practices of the [Defendant/Defendants].

H. For appropriate equitable relief against all Defendants as allowed by the Civil Rights Act of 1871, 42 U.S.C. §1983, including the enjoining and permanent restraining of these violations, and direction to the Defendants to take such affirmative action as is necessary to ensure that the effects of the unconstitutional and unlawful practices are eliminated and do not continue to affect the plaintiff's.

I. Award such further and additional relief as the Court deems just and proper.

## XII.    NOTICED ENTITIES PRUSUANT FEDERAL, STATE AND LOCAL LAWS

1.    Below is the list of noticed entities pursuant to Federal Law among others:

A. U.S. JUSTICE DEPARTMENT (DOJ)

B. UNITED STATES MARSHALL

C. FEDERAL BUREAU OF INVESTIGATION (F.B.I.)

D. ASSISTANT ATTORNEYS GENERAL

E. AMERICAN CIVIL LIBERTIES UNION (ACLU)

F. And Others…

## XII.    CLASS-ACTION (WITH EXCEPTION OF THE RICO COUNT(S))

1.    **CLASS MEMBERS (*whereas applicable*)**

(a). **CLASS MEMBERS** are past, present, and future United States of America (USA) citizens who number over one million, live, and/or conduct business (in the past, present, and/or future) in the USA, state of Illinois, County of Cook, and City of Chicago.

(b). **CLASS ONE** - all past, present, and future *African-American* citizen of the USA and State of Illinois who number more than ten thousand. All are also **CLASS TWO** members.

(c). **CLASS TWO** – all past, present, and future citizen of the USA and of the State of Illinois who number more than ten thousand. Some are member of **CLASS ONE**.

(d). Plaintiff is members of both Classes.

(e). The members of the Classes are so numerous that joiner of all members are impractical. There are questions of "*law*" and "*fact(s)*" common to the representative the Plaintiff.

(f). The questions of "*law*" and "*fact(s)*" common to the class members predominate over any question affecting only claims of individual members.

(g). If individual actions were required to be brought by each class member, a multiplicity of suits would result, and would cause great and undue hardship to the parties and the court(s).

(h). Therefore, a class-action complaint is superior to other available methods for the fair and efficient adjudication of the controversy.

(i). The identity of all the class members are presently unknown to the named Plaintiff, but can easily be determined from the past and present books and records of in the United States of America, State of Illinois, County of Cook, and City of Chicago;

such as state courts' files; public records; addresses and telephone records; utility records; state, county, and municipal records; census; social security; real estate property records; and unemployment insurance records; but not limited thereto.

(k).    There are questions of *"law"* and *"facts"* common to the representative parties and other members of the class and predominate over any question affecting only individual members.

(l).    If individual actions were required to be brought by each member of the class, multiplicity of suits would result, causing great and undue hardship to the parties and the court.

(m).    Therefore, a class-action is superior to other available methods for the fair and efficient adjudication of the controversy.

DATE:    June 07, 2017

Respectfully submitted,

Without prejudice UCC 1-308

Marvin Faulkner, *Plaintiff*

Marvin Faulkner, *Plaintiff*
828 North Ridgeland Ave.
Oak Park, Illinois 60302
1.312.404.3757
**E-mail:** *mfaulkner@endjudicialcorruption.org*

## VERIFICATION

Under penalties as provided by law, Marvin Faulkner, Plaintiff, states that he has read the foregoing *"Verified Complaint-Civil Rico"* and on the basis of personal knowledge, the review of relevant documentation and discussion with knowledgeable

personnel certifies that the statements set forth therein are true and correct, except as to matters therein stated to be on information and belief and as to such matters, the undersigned, on behalf of Plaintiff, certifies as aforesaid that the undersigned verily believes the same to be true.

Without prejudice UCC 1-308

Marvin Faulkner, *Plaintiff*

# *EXHIBIT*

# *PLAINTIFF'S*

# *EXHIBIT  A*

# *Page 1*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MARVIN FAULKNER, *et al.*,　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　Plaintiffs,　　　　　　　　)
　　　　　　　　　　　　　　　　　　)　　Case No. 16-cv-2432
　　　v.　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)　　Judge John W. Darrah
ANNA M. LOFTUS, *et al.*,　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　Defendants.　　　　　　　　)

## MEMORANDUM OPINION AND ORDER

On July 11, 2016, Plaintiffs filed a twelve-count, two-hundred-and-seventy-nine

paragraph, one-hundred-and-forty page Amended Verified Complaint [35], alleging violations

of, among others, the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C.

§ 1961, *et seq.*; 42 U.S.C. § 1983; 18 U.S.C. § 242; 18 U.S.C. § 249; 42 U.S.C. § 1981; 42

U.S.C. 1985; and  42 U.S.C. § 1986.  Plaintiffs name fifty different Defendants, including:

U.S. Bank National Association; Pierce & Associates, P.C.; Shorebank; Codilis & Associates,

P.C.; Jenner & Block LLP; Anna Loftus, Pamela Meyerson, Raymond Mitchell, George Scully,

Darryl Simko, Irwin Solganick, Alfred Swanson, and Alexander White, Chancery Court Judges

of the Circuit Court of Cook County (collectively, "Judicial Defendants"); Nationstar Mortgage

LLC; Chuhak & Tecson P.C.; Michael Eurich; Samantha Babcock; Urban Partnership Bank;

Federal National Mortgage Association; Starr, Bejgiert, Zink & Rowells; Timothy L. Rowells;

the City of Chicago; Mortgage Electronic Registration Systems; Hauselman, Rappin & Olswang,

Ltd.; Sonia Pasquesi; Kovitz, Shifrin & Nesbit Law Office; Bryan Gomez; and CitiMortgage,

Inc.  All of the above-named Defendants filed Motions to Dismiss [40, 48, 51, 76, 95, 98, 120,

 EXHIBIT "A "　　　　　EXHIBIT "___"

123, 133, 154, 156, 158, 161, 164, 167, 169] or a Motion to Remand [128]. For the reasons discussed below, Defendants' Motions are denied without prejudice with leave to re-file.

## BACKGROUND

The following is a brief summary of the facts alleged in the Amended Verified Complaint ("AC"). Plaintiffs allege that Defendants are involved in a scheme to attack them for their "aggressive filing of complaints and law suits [*sic*] against them." (AC ¶ 70.) Defendant ShoreBank filed for Chapter 11 Bankruptcy. Defendant Federal Deposit Insurance Corporation ("FDIC") then sold ShoreBank's asserts to Defendant Urban Partnership Bank. Plaintiffs allege that Urban Partnership Bank then filed commercial foreclosure complaints on Plaintiffs' non-commercial properties. Plaintiffs list either twenty-one or fifteen different properties affected by these foreclosures. (AC ¶¶ 76, 89.) Plaintiffs further allege that ShoreBank's owner/president, William Farrow, conspired with the FDIC to benefit from the transfer of ShoreBank's assets to Urban Partnership Bank. (AC ¶ 90.)

Plaintiffs also name several lawfirms and individuals as Defendants. Plaintiffs allege that these Defendants participated to "cover-up [*sic*], divert, frustrate, shunt, mislead, ignore germane factual legal arguments and factual evidence." (AC ¶ 91.) In addition to this cover-up, Plaintiffs allege that Defendants are involved in a money-laundering scheme. (AC ¶ 97.) As a result of this scheme, Plaintiffs filed complaints against law firms, attorneys, banks, and Circuit Court of Cook County Judges. (AC ¶ 99.) After Plaintiffs filed these complaints, they were placed on a "Judges' Hit List." (AC ¶¶ 98, 99.)

Plaintiffs' AC also contains class allegations. The two classes are defined as: "all past, present, and future African[-]American citizens of the USA and State of Illinois" and "all past, present, and future citizens of the USA and of the State of Illinois." Plaintiffs request

2

$4,905,771.87 in actual damages, an amount "to be determined" in compensatory damages, $14,717315.61 in treble damages, and $40,000,000.00 in punitive damages. (AC ¶ 279.)

## LEGAL STANDARD

Federal Rule of Civil Procedure 8 compels litigants to file a "short and plain statement of the claim showing that the pleader is entitled to relief." This requirement of *brevity* fosters two goals: it allows trial courts to speed a case to resolution, and it allows a defendant to capably respond to the allegations in the complaint. *Hardy v. Illinois Dep't of Corrections*, Case No. 3:15-cv-00437-JPG, 2015 WL 4573302, at \*1 (S.D. Ill. July 29, 2015) (citing *United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003). While a minor amount of surplus material in a complaint is not enough to frustrate these goals and violate Rule 8, unnecessary length coupled with repetitiveness, needless complexity, and immaterial allegations can push a complaint past Rule 8's breaking point — in other words, it can make a "complaint unintelligible" by "scattering and concealing in a morass of irrelevancies the few allegations that matter." *Id.* (citing *Kadamovas v. Stevens*, 706 F.3d 843, 844 (7th Cir. 2013)). When faced with that type of pleading, district judges have the power to dismiss the complaint and require a redo. *Id.*

## ANALYSIS

The AC in this case is one-hundred-and-forty pages in length. The factual background is over fifty pages and one-hundred paragraphs. Many of the paragraphs have several sub-paragraphs. The AC is verbose and includes several quotes from alleged conversations between Plaintiff Faulkner and several individual Defendants.

Plaintiffs list in detail the ways in which Defendants attempted to harm them. These alleged harmful actions include: telling tenants at Plaintiffs' properties that Plaintiffs were no

3

longer the owners of the properties, preventing the tenants from paying Plaintiffs rent, denying

Plaintiffs' motions to vacate judgments in other lawsuits, filing false complaints against them in

other legal proceedings, dismissing Defendants for lack of jurisdiction, filing motions for

sanctions for malicious prosecution, arresting Plaintiff Faulkner and questioning him, and taking

Plaintiff Faulkner's finger and handprints. (AC ¶¶ 100-176.) Plaintiffs' claim for relief is

repeated at least fourteen times. It is unclear whether the relief requested is the amount

requested each time, or whether it is the amount requested for each of the twelve counts. While

the AC details several, but not all, of the Defendants' actions, it is not immediately clear how

these actions resulted in the violations alleged in the twelve counts. For example, Plaintiffs

allege that all of the Defendants engaged in a conspiracy to violate their Constitutional rights.

Plaintiffs do not detail how their Constitutional rights have been violated, stating that they were

"caused to suffer [diverse] temporary and permanent fear and harm to their way of life, bodies,

financial depletion, their reputation, their ability of life, liberty and the [pursuit] of happiness."

(AC ¶ 192.) This same allegation is repeated under almost every count. None of these

allegations appear to state a claim for any of the counts alleged.

Numerous circuits have found that this type of complaint violates Rule 8. *Lindell v.

Houser*, 442 F.3d 1033, 1034 n.1 (7th Cir. 2006) ("[Plaintiff's] complaint was probably

dismissable for not being 'simple, concise and direct' (see Rule 8(e) of the Federal Rules of Civil

Procedure). District courts should not have to read and decipher tomes disguised as pleadings.");

*Lockheed-Martin Corp.*, 328 F.3d at 378 ("Rule 8(a) requires parties to make their pleadings

straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket

of mud."); *Harrison v. Bd. of Regents of Univ. Sys. of Georgia*, 519 F. App'x 641, 643     (11th

Cir. 2013) (eighty-two page complaint that took a "shotgun" approach to asserting claims

4

violated Rule 8); *Rueb v. Zavaras*, 371 F. App'x 982, 986 (10th Cir. 2010) (ninety-five page complaint that discussed claims linked to other individuals and often "failed to mention a specific time, place, or person involved with the alleged offenses" violated Rule 8).

## CONCLUSION

For the reasons set forth above, Defendants' Motions to Dismiss [40, 48, 51, 76, 95, 98, 120, 123, 133, 154, 156, 158, 161, 164, 167, 169] and Motion to Remand [128] are denied without prejudice with leave to re-file. Plaintiffs' Amended Verified Complaint is dismissed without prejudice. Plaintiffs are granted leave to amend, if they can do so in strict compliance with the letter and spirit of Rule 8 and pursuant to Rule 11, within thirty days of this Order.

Date: _____March 6, 2017_____

/s/ John L. Darrah

JOHN W. DARRAH
United States District Court Judge

5

# *EXHIBIT*

# *PLAINTIFF'S*

# *EXHIBIT  B*

# *Page 1*

## UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| MARVIN FAULKNER and | ) | |
| SAMUEL UMUNNA, | ) | |
| | ) | |
| Plaintiffs, | ) | No. 16 C 02432 |
| | ) | |
| v. | ) | |
| | ) | Judge Edmond E. Chang |
| ANNA LOFTUS, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

#### ORDER

This case has been randomly reassigned to this Court's docket. A status hearing is set for May 31, 2017 at 9 a.m., in order to track the filing of the anticipated Second Amended Complaint and the Defendants' answers or dismissal motions, as explained next.

*Second Amended Complaint, associated motions, and coordinated dismissal motion.* Plaintiffs' emergency motion [236] concerning the anticipated Second Amended Complaint is denied in part and granted in limited part as to the deadline. The Opinion entered by the previously assigned judge explains that the (first) Amended Complaint was dismissed, without prejudice to filing a Second Amended Complaint, because it violated Rule 8(a)'s requirement that complaints contain a "short and plain statement" of the claim. R. 235. The verbosity and length of the 140-page Amended Complaint makes it impossible to discern precisely what is being alleged and against whom, and whether any valid claims are embedded in the pleading. R. 235. So the Opinion is *not* authorization to *add* new Defendants or claims. Indeed, because Plaintiffs have already amended the complaint once, leave must be obtained under Rule 15(a) for further amendments, and the Opinion clearly envisions that Plaintiffs will *reduce* the sprawling nature of the allegations, rather than add Defendants or claims. So the instruction to amend the current complaint is *not* authorization to add more parties or more claims.

➡ **EXHIBIT "_B_"**

For the same reasons, Plaintiffs' motion to amend complaint [201], motion to add proposed defendants William Sullivan and Baseemah Dear [223], and the motions of Winifred Iherjirka to "intervene" [179, 182] are denied as well. The intervention motion is really a motion to become a co-plaintiff, which in turn means that the intervention motion is really a motion to amend the complaint. The Clerk's Office shall terminate the appearance of Winifred Iherjirka as a movant from the docketing caption.

Plaintiffs' emergency motion also mentions *dropping* Defendants or claims. That is up to the Plaintiffs. No Defendant has answered or moved for summary judgment, so Plaintiffs may voluntarily dismiss a Defendant or claim under Federal Rule of Civil Procedure 41(a)(1)(A)(i), and they may do so by omitting them from the Second Amended Complaint. For the sake of clarity, Plaintiffs should also file, at the same time as filing the Second Amended Complaint, a notice of voluntary dismissal specifying precisely which Defendants are being dismissed. Plaintiffs should be aware, however, that a dismissal of a particular Defendant might be with prejudice if any condition of Rule 41(a)(1)(B) applies.

Plaintiffs' request, made in the emergency motion, for an extension to file the Second Amended Complaint is granted to April 24, 2017, which is a firm deadline given the length of time between the prior Opinion and that date. The Court warns Plaintiffs, however, that even a glance at some of the claims in the Amended Complaint reveal that they are frivolous, such as purporting to bring civil claims under provisions of the federal Criminal Code, and asserting claims against state-judge defendants who are judicially immune. Already one Defendant (the law firm of Kovitz, Shifrin & Nesbit) has moved for sanctions [230], so Plaintiffs are expressly on warning that they may face sanctions for frivolous filings (after being served with a copy of the Rule 11 motion as required, of course). In this context, sanctions could mean that Plaintiffs would end-up owing a Defendant (or Defendants) money for attorney's fees and costs. Having said that, in light of the Rule 8(a) dismissal of the Amended Complaint, the Court denies the sanctions motion [230], but without prejudice to refiling a version of the motion if the Second Amended Complaint warrants Rule 11 sanctions.

With the Second Amended Complaint due on April 24, 2017, the answers or dismissal motions of the Defendants are due on May 24, 2017. But the anticipated dismissal motions shall be **coordinated** to reduce overlapping arguments, much like multi-party appeals have one joint brief and then individual briefs per party only as needed. Specifically, all Defendants moving to dismiss shall file a **single,**

**combined** motion to dismiss that lists each Defendant that is moving to dismiss and a very concise statement of the grounds. For example:

- CitiMortgage: no jurisdiction under *Rooker-Feldman*; fails to state claim under 12(b)(6).
- City of Chicago: no jurisdiction under *Rooker-Feldman*; fails to state claim under 12(b)(6).
- Loftus, Meyerson, Mitchell, Scully, Simko, Solganick, Swanson, White: no jurisdiction under *Rooker-Feldman*; absolute judicial immunity; fails to state claim under 12(b)(6).

And so on. In support of the combined, single motion, the defense shall file a joint brief that presents arguments advanced by multiple sets of Defendants, such as *Rooker-Feldman*. Each set of Defendants also may file an individual brief that addresses arguments specific to them, such as Rule 12(b)(6) arguments challenging the specific allegations against the particular Defendant (or set of Defendants). The goal is to reduce, ultimately, the number of pages and repetition of arguments. The Court is not trying to make it harder on either the Plaintiffs or the Defendants, so the defense need not agonize over the dividing line.

*"Removal" motions.* Plaintiff Marvin Faulkner's "petition" for removal [177, 184] seeks to invoke federal-question jurisdiction to remove 2008 CH 1357, a state case in the Circuit Court of Cook County. (R. 184 is just a re-noticed version of the motion filed as R. 177.) The motions [177, 184] are denied for two reasons. First, Faulkner mistakenly invokes federal-question jurisdiction, but there is no reason to believe that a federal question appears on the face of the foreclosure complaint, as distinct from defenses that Faulkner might want to assert in response to the complaint. Second, the state court case was filed in 2008, so whether measure under the 30-day removal time period, or the absolute bar of the 1-year from commencement time period for diversity jurisdiction (if there even is diversity jurisdiction), the attempt to remove came too late. 28 U.S.C. § 1446(b)(1), (c)(1).

*Lyons and Pierce.* The motion [228] of Defendants Elizabeth Lyons and Roderick Pierce to vacate any defaults is granted. In light of the dismissal of the Amended Complaint, R. 235, and the anticipated Second Amended Complaint, Plaintiffs are not prejudiced by vacatur of any defaults.

*Miscellaneous.* Docket entry 149 was Plaintiffs' extension motion to respond to ShoreBank and the FDIC's dismissal motion. In light of the response's filing, R. 192, and R. 149 is terminated as unnecessary. Docket entry 199 also dealt with the timing of responses, and because of the anticipated Second Amended Complaint, R. 199 is also terminated as unnecessary.

ENTERED:


       s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: March 13, 2017

4

# EXHIBIT

# PLAINTIFF'S

# EXHIBIT  C

# Page 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

MARVIN FAULKNER and SAMUEL C. UMUNNA,                )
                                                     )
                    Plaintiffs,                      )
                                                     )
        vs.                                          )
                                                     )
ANNA M. LOFTUS; WILLIAM FARROW; PIERCE &             )
ASSOCIATES; FEDERAL DEPOSIT INSURANCE                )
CORP.; URBAN PARTNERSHIP BANK; SHOREBANK;            )
CHUHAK & TECSON, P.C.; MICHAEL A. EURICH;            )
VILLA CAPITAL PROPERTIES; GEORGE F. SCULLY,          )
JR.; ELIZABETH LYONS; DARRYL B. SIMKO; CITY          )
OF CHICAGO; ALFRED M. SWANSON, JR.; LASALLE          )   Case No. 1:16-cv-02432
BANK NATIONAL, as Trustee for Certificate Holders of )
Bear Stearns Asset Backed Securities I, LLC, Asset-Backed; )   Judge Edmond E. Chang
Certificates, Series 2007-HE6; MORTGAGE              )
ELECTRONIC REGISTRATION SYSTEMS; ENCORE             )   **DEFENDANTS' COMBINED**
CREDIT; EMC MORTGAGE CORPORATION; BEAR              )   **MOTION TO DISMISS**
STEARNS ASSET BACKED SECURITIES I LLC;              )   **PLAINTIFFS' SECOND AMENDED**
NATIONSTAR MORTGAGE; CITIMORTGAGE, INC.;            )   **COMPLAINT**
BEAR STEARNS ASSET BACKED SECURITIES I              )
TRUST 2007-HE6; FEDERAL NATIONAL MORTGAGE           )
ASSOCIATION; FIRST FRANKLIN MORTGAGE; U.S.          )
BANK NATIONAL ASSOCIATES; MICHAEL FRANCIS           )
OTTO; MICHAEL N. VARAK; BRYAN GOMEZ;                )
KOVITZ, SHIFRIN & NESBIT; LAW OFFICE                )
MEREDITH FREEMAN; EDWARD J. LESNIAK;                )
ALEXANDER D. MARKS; PAMELA MCLEAN                   )
MEYERSON; BURKE, WARREN, MACKAY &                   )
SERRITELLA, P.C.; CHRISTINA PLACE II                )
CONDOMINIUM ASSOCIATION; RAYMOND W.                 )
MITCHELL; IRWIN J. SOLGANICK; ALEXANDER P.          )
WHITE; TIMOTHY L. ROWELL; STARR, BEJGIERT,          )
ZINK & ROWELLS; CODILIS & ASSOCIATES; COOK          )
COUNTY SHERIFF'S POLICE DEPARTMENT; SONIA           )
PASQUESI; JOHN AVGERINOS; PAUL AVGERINOS;           )
SAMANTHA L. BABCOCK; STEVEN E. ANDERSON;            )
ERIK HUBBARD; and HAUSELMAN, RAPPIN &               )
OLSWANG, LTD.                                        )
                                                     )
                    Defendants.                      )

 **EXHIBIT " C "**

2270031v.3

Defendants U.S. Bank National Association, as Trustee for the C-BASS Mortgage Loan Asset-Backed Certificates, Series 2007-CB6 (incorrectly sued as U.S. Bank National Associates and hereafter "the Trustee"); Mortgage Electronic Registration Systems, Inc. (incorrectly sued as Mortgage Electronic Registration Systems and hereafter "MERS"); Nationstar Mortgage LLC ("Nationstar"); Federal National Mortgage Association ("Fannie Mae"); Hauselman, Rappin & Olswang, Ltd. ("HRO"), Sonia Pasquesi; City of Chicago (the "City"); Codilis & Associates; Timothy L. Rowells; Starr, Bejgiert, Zink & Rowells; Federal Deposit Insurance Corporation as Receiver for Shorebank ("FDIC-Receiver")[1]; Elizabeth Lyons; Roderick Pierce; Daniel Gronowski; Cook County Sheriff's Department; Anna Loftus; Pamela Meyerson; Raymond Mitchell; George Scully; Darryl Simko; Irwin Solganick; Alfred Swanson; Alexander White; Pierce & Associates, P.C. (incorrectly sued as Pierce & Associates); Meredith Freeman; Michael N. Varak; CitiMortgage, Inc. ("Citi"); Chuhak & Tecson, P.C.; Michael Eurich; Samantha Babcock; Urban Partnership Bank; Villa Capital Properties; Erik Hubbard; Kovitz Shifrin Nesbit; and Bryant Gomez (collectively, the "Moving Defendants"), by their respective counsel, move to dismiss Plaintiffs' Second Amended Complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). The grounds to dismiss for each Moving Defendant are identified below. The Moving Defendants will concurrently file their memorandum in support of this combined, single motion to dismiss.

---

[1] On August 20, 2010, the Illinois Department of Financial and Professional Regulation closed ShoreBank and appointed the Federal Deposit Insurance Corporation as Receiver. *See https://ffdic.gov/news/news/ press/2010/pr10193.html.* Upon appointment, by operation of law, the FDIC-Receiver succeeded to all of ShoreBank's rights, title and interests and assumed authority to resolve any and all claims relating to ShoreBank, *see* 12 U.S.C. §§ 1821(d)(2)(A), 1821(d)(2)(B), 1821(d)(3), regardless of the manner in which the targets of such claims are identified. Thus, with respect to Plaintiffs' allegations against Defendants "ShoreBank" and the "Federal Deposit Insurance Corporation," the FDIC-Receiver is the real party in interest and the proper defendant. *See Farnik v. Federal Deposit Ins. Corp.,* 707 F. 3d 717, 721 (7th Cir. 2013) (in a case involving claims asserted against a failed banking institution for which the Federal Deposit Insurance Corporation was appointed receiver, the court found the FDIC as receiver to be the proper defendant). Accordingly, Defendants "ShoreBank" and the "Federal Deposit Insurance Corporation" are herein generally and collectively referred to as "FDIC-Receiver."

2

- The Trustee: lack of jurisdiction under *Rooker-Feldman*; claims barred by statute of limitations; and lack of private right of action.

- MERS: failure to state a claim under Rule 12(b)(6).

- Nationstar: lack of jurisdiction under *Rooker-Feldman*; and failure to state a claim under Rule 12(b)(6).

- Fannie Mae: lack of jurisdiction under *Rooker-Feldman*; and failure to state a claim under Rule 12(b)(6).

- HRO: lack of jurisdiction under *Rooker-Feldman*; and failure to state a claim under Rule 12(b)(6).

- Pasqeusi: lack of jurisdiction under *Rooker-Feldman*; and failure to state a claim under Rule 12(b)(6).

- City of Chicago: lack of jurisdiction under *Rooker-Feldman*; and failure to state a claim under Rule 12(b)(6).

- Codilis & Associates, P.C: failure to state a claim under Rule 12(b)(6).

- Timothy L. Rowells: lack of jurisdiction under *Rooker-Feldman*; claims barred by *res judicata*; and failure to state a claim under Rule 12(b)(6).

- Starr, Bejgiert, Zink & Rowells: lack of jurisdiction under *Rooker-Feldman*; claims barred by *res judicata*; and failure to state a claim under Rule 12(b)(6).

- FDIC-Receiver: lack of jurisdiction under *Rooker-Feldman*; and lack of private right of action.

- Elizabeth Lyons: failure to state a claim under Rule 12(b)(6).

- Roderick Pierce: failure to state a claim under Rule 12(b)(6).

- Daniel Gronowski: failure to state a claim under Rule 12(b)(6).

- Cook County Sheriff's Department: failure to state a claim under Rule 12(b)(6).

- Anna Loftus; Pamela Meyerson; Raymond Mitchell; George Scully; Darryl Simko; Irwin Solganick; Alfred Swanson; and Alexander White (the "Judicial Defendants"): lack of jurisdiction under *Rooker-Feldman*; lack of private right of

3

action; failure to state a claim under Rule 12(b)(6); absolute judicial immunity; and state sovereign immunity.[2]

- Pierce & Associates: lack of jurisdiction under *Rooker-Feldman*; failure to state a claim under Rule 12(b)(6); and *res judicata*.

- Freeman: lack of jurisdiction under *Rooker-Feldman*; failure to state a claim under Rule 12(b)(6); and *res judicata*.

- Varak: lack of jurisdiction under *Rooker-Feldman*; failure to state a claim under Rule 12(b)(6); and *res judicata*.

- CitiMortgage, Inc.: lack of jurisdiction under *Rooker-Feldman*; and failure to state a claim under Rule 12(b)(6)

- Chuhak & Tecson, P.C.; Michael Eurich; and Samantha Babcock: lack of jurisdiction under *Rooker-Feldman*; *res judicata*; failure to state a claim under Rule 12(b)(6) and Rule 8(a); and claims barred by statutes of limitations.[3]

- Urban Partnership Bank: lack of jurisdiction under *Rooker-Feldman*; failure to state a claim under Rule 12(b)(6) and Rule 8(a); and lack of private right of action.

- Villa Capital Properties: lack of jurisdiction under *Rooker-Feldman*; failure to state a claim under Rule 12(b)(6) and Rule 8(a); and lack of private right of action.

- Erik Hubbard: lack of jurisdiction under *Rooker-Feldman*; failure to state a claim under Rule 12(b)(6) and Rule 8(a); and lack of private right of action.

- Kovtiz Shifrin Nesbit: lack of jurisdiction under *Rooker-Feldman*; and failure to state a claim under Rule 12(b)(6) and Rule 8(a).

- Bryant Gomez: lack of jurisdiction under *Rooker-Feldman*; and failure to state a claim under Rule 12(b)(6) and Rule 8(a).

---

[2] Arguments to dismiss based on absolute immunity and state sovereign immunity will be addressed in a separate memorandum filed on behalf of the Judicial Defendants alone.

[3] Arguments to dismiss based on *res judicata*; failure to state a claim under Rule 12(b)(6) and Rule 8(a); and claims barred by statutes of limitations will be addressed in a separate memorandum filed on behalf of Chuhak & Tecson, P.C.; Michael Eurich; and Samantha Babcock.

4

For these reasons, the Moving Defendants respectfully request that the Court dismiss the Second Amended Complaint in its entirety with prejudice, and grant such further relief as the Court deems fair and just.

Date: May 24, 2017

Respectfully submitted,

P. Russell Perdew
rperdew@lockelord.com
Simon M. Feng
simon.feng@lockelord.com
**LOCKE LORD LLP**
111 South Wacker Drive
Chicago, Illinois 60606
Telephone: (312) 443-0700

U.S. Bank National Association, as Trustee for the C-BASS Mortgage Loan Asset-Backed Certificates, Series 2007-CB6; Mortgage Electronic Registration Systems, Inc.

By: /s/ Simon M. Feng
        One of Their Attorneys

Date: May 24, 2017

Respectfully submitted,

Simon Fleischmann
sfleischmann@lockelord.com
Simon M. Feng
simon.feng@lockelord.com
**LOCKE LORD LLP**
111 South Wacker Drive
Chicago, Illinois 60606
Telephone: (312) 443-0700

Nationstar Mortgage LLC; Federal National Mortgage Association

By: /s/ Simon M. Feng
        One of Their Attorneys

5

Date: May 24, 2017

Respectfully submitted,

Steven R. Rappin
srappin@hrolaw.com
**HAUSELMAN, RAPPIN
& OLSWANG, LTD.**
29 East Madison Street, Suite 950
Chicago, Illinois 60602
Telephone: (312) 372-2020

Hauselman, Rappin & Olswang, Ltd; Sonia
Pasquesi

By: /s/ Steven R. Rappin (with consent)
    One of Their Attorneys


Date: May 24, 2017

Respectfully submitted,

Andrew Mine
andrew.mine@cityofchicago.org
Tara Kennedy
tara.kennedy@cityofchicago.org
**CITY OF CHICAGO,
DEPARTMENT OF LAW**
30 North LaSalle, Suite 1230
Chicago, Illinois 60602
Telephone: (312) 744-9028

EDWARD N. SISKEL,
Corporation Counsel for the City of
Chicago

By: /s/ Tara Kennedy (with consent)
    One of Its Attorneys


Date: May 24, 2017

Respectfully submitted,

Louis J. Manetti, Jr.
louis.manetti@il.cslegal.com
**CODILIS & ASSOCIATES, P.C.**
15W030 North Frontage Road, Suite 100
Ridge, Illinois 60527
Telephone: (630) 974-3126

Codilis & Associates, P.C.

By: /s/ Louis J. Manetti, Jr. (with consent)
    One of Its Attorneys

6

Date: May 24, 2017

Respectfully submitted,

Timothy L. Rowells
*sbzrlaw@gmail.com*
**STARR, BEJGIERT, ZINK & ROWELLS**
35 East Wacker Drive
Chicago, Illinois 60601
Telephone: (312) 346-9420

Timothy L. Rowells; Starr, Bejgiert, Zink & Rowells

By: /s/ Timothy L. Rowells (with consent)
    One of Their Attorneys

Date: May 24, 2017

Respectfully submitted,

Stephen H. Pugh
*spugh@pjjlaw.com*
Kathleen R. Pasulka-Brown
*kpasulka-browns@pjjlaw.com*
**PUGH, JONES & JOHNSON, P.C.**
180 North LaSalle Street, Suite 3400
Chicago, Illinois 60601
Telephone: (312) 768-7800

Federal Deposit Insurance Corporation as Receiver for Shorebank

By: /s/ Kathleen Brown (with consent)
    One of Its Attorneys

Date: May 24, 2017

Respectfully submitted,

Anthony E. Zecchin
*anthony.zecchin@cookcountyil.gov*
**COOK COUNTY STATE'S
ATTORNEY'S OFFICE**
500 Daley Center
Chicago, Illinois 60602
Telephone: (312) 603-3373

Elizabeth Lyons; Roderick Pierce; Daniel Gronowski; Cook County Sheriff's Department

By: /s/ Anthony E. Zecchin (with consent)
    One of Their Attorneys

7

2270031v.3

Date: May 24, 2017

Shirley R. Calloway
scalloway@atg.state.il.us
**ILLINOIS ATTORNEY
GENERAL'S OFFICE**
100 West Randolph Street, 13th Floor
Chicago, Illinois 60601
Telephone: (312) 814-5581

Respectfully submitted,

Anna Loftus; Pamela Meyerson; Raymond
Mitchell; George Scully; Darryl Simko;
Irwin Solganick; Alfred Swanson;
Alexander White

By: /s/ Shirley R. Calloway (with consent)
    One of Their Attorneys

Date: May 24, 2017

Brian R. Merfeld
brian.merfeld@mrpllc.com
**McCALLA RAYMER PIERCE, LLC**
1 North Dearborn Street, Suite 1300
Chicago, Illinois 60602
Telephone: (312) 346-9088

Respectfully submitted,

Pierce & Associates, P.C.; Meredith
Freeman; Michael Varak

By: /s/ Brian R. Merfeld (with consent)
    One of Their Attorneys

Date: May 24, 2017

Debra Bogo-Ernst
dernst@mayerbrown.com
Michael Bornhorst
mbornhorst@mayerbrown.com
**MAYER BROWN**
71 South Wacker Drive
Chicago, Illinois 60606
Telephone: (312) 752-0600

Respectfully submitted,

CitiMortgage, Inc.

By: /s/ Debra Bogo-Ernst (with consent)
    One of Its Attorneys

8

Date: May 24, 2017

Respectfully submitted,

Christopher L. Gallinari
cgallinari@fylegal.com
**FLAHERTY & YOUNGERMAN, P.C.**
321 South Plymouth Court, 14th Floor
Chicago, Illinois 60604
Telephone: (312) 782-4700

Chuhak Tecson, P.C.; Michael Eurich;
Samantha Babcock

By: /s/ Christopher Gallinari (with consent)
One of Their Attorneys

Date: May 24, 2017

Respectfully submitted,

Michael W. Debre
mdebre@chuhak.com
**CHUHAK & TECSON, P.C.**
30 South Wacker Drive, Suite 2600
Chicago, Illinois 60606
Telephone: (312) 855-4603

Urban Partnership Bank; Erik Hubbard;
Villa Capital Properties

By: /s/ Michael W. Debre (with consent)
One of Their Attorneys

Date: May 24, 2017

Respectfully submitted,

Christopher E. Ralph
cralph@ksnlaw.com
**KOVITZ SHIFRIN NESBIT**
55 West Monroe, Suite 2445
Chicago, Illinois 60603
Telephone: (847) 777-7322

Kovitz Shifrin Nesbit and Bryant Gomez

By: /s/ Christopher E. Ralph (with consent)
One of Their Attorneys

9

## CERTIFICATE OF SERVICE

I, Simon M. Feng, an attorney, on oath state that on May 24, 2017, **Defendants' Combined Motion To Dismiss Plaintiffs' Second Amended Complaint** was filed and served via the Court's ECF System.

/s/ Simon M. Feng

10

# *EXHIBIT*

# *PLAINTIFF'S*

# *EXHIBIT  D*

# *Page 1*

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MARVIN FAULKNER and | ) | |
| SAMUEL UMUNNA, | ) | |
| | ) | |
| Plaintiffs, | ) | No. 16 C 02432 |
| | ) | |
| v. | ) | |
| | ) | Judge Edmond E. Chang |
| ANNA LOFTUS, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

In addition to filing this federal lawsuit, Plaintiffs Marvin Faulkner and Samuel Umunna sought to remove a state-court mortgage foreclosure case filed against them, Cook County Circuit Court Case No. 2012-CH-38498. R. 123. Urban Partnership Bank filed the foreclosure case in October 2012. R. 128, Exh. 1 (state-court complaint). Urban Partnership sought an order preventing the removal, R. 128, but the motion was swept up in an order entered by the previously assigned judge, R. 235, that denied both the removal petition and the motion to remand.

Urban Partnership has renewed the motion to remand, and also seeks costs and expenses for the improper removal. R. 241. Both the remand and the request for costs and expenses are granted.

With regard to the remand, just as with Faulkner's attempt to remove [177, 184] another state-court case into this federal one, there is no subject matter jurisdiction over the foreclosure case and, even if there were, the attempted removal is untimely. On jurisdiction, diversity of citizenship does not apply (and Plaintiffs' response does not seem to assert that it does), because all parties to the foreclosure case are Illinois citizens. No federal question appears on the face of the state-court complaint, so despite Plaintiffs' arguments that there are various federal statutory (and even, allegedly, constitutional) issues lurking in the foreclosure case, R. 256 at 1-2, 4-5, removal cannot be premised on defenses not appearing on the face of the complaint (nor does any exception to this general principle apply).

➡ **EXHIBIT "D"**

On timing, Plaintiffs did not remove the case until October 17, 2016. R. 123. That is well over 30 days after service of the state-court complaint, which occurred in 2012, and even well over 30 days after the 2014 service dates that Plaintiffs rely on as to amended complaints, *see* R. 246 at 5-6 (citing 2014 service dates). So the attempted removal was untimely under 28 U.S.C. § 1446(b)(1), (b)(2)(B).

Plaintiffs say, in passing, that Urban Partnership's motion was itself untimely, R. 246 at 6, but the initial motion was filed on October 26, 2016, R. 128, just 9 days after the attempted removal. And after the mistaken denial of both the removal petition and the remand order (both should not have been denied, one of them had to be granted), Urban Partnership filed the reconsideration motion within 30 days of the double denial. Urban Partnership acted twice within the 30-day limit. The foreclosure case must be remanded. The Court orders that Cook County Circuit Court Case No. 2012-CH-38498, shall be remanded forthwith to the Circuit Court of Cook County. The Clerk's Office shall mail a certified copy of this order of remand to the state court, and the Clerk's Office shall not accept any further attempt to remove that case to this federal case.

With regard to costs and expenses, Section 1447(c) authorizes the imposition of "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Plaintiffs' response to Urban Partnership's argues only the merits of the remand request, and does not offer an in-the-alternative argument against the request for costs and fees. Because the attempted removal was frivolous, the Court shall impose costs and attorney fees arising from the removal. But the costs and fees shall be limited to the first round of briefing, namely, the preparation of R. 128. It would not be "just," § 1447(c), to require Plaintiffs to pay for the costs and fees arising from the reconsideration motion and reply, because that briefing was really prompted by the Court's issuance of R. 235.

To set the amount of costs and fees, Urban Partnership shall provide to Plaintiffs the information in Local Rule 54.3(d)(1)-(3) by June 2, 2017. Urban Partnership and Plaintiffs shall confer by June 9, 2017. If no agreement on the amount is reached, then Urban Partnership shall file a motion for costs and fees,

with supporting exhibits, by June 16, 2017. Plaintiffs may respond by June 30, 2017. Urban Partnership may reply by July 10, 2017.

ENTERED:

          s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: May 18, 2017

# *EXHIBIT*

# *PLAINTIFF'S*

# *EXHIBIT  E*

# *Page 1*



Samuel C. Umunna
8800 S. Longwood Dr.,
Chicago, Illinois 60643

60302£1440 C012

Marvin Faulkner
828 North Ridgeland Ave.
Oak Park, Illinois 60302

Dorothy Height

➡ EXHIBIT "E"

# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

**Marvin Faulkner, et al.,**

                  Plaintiff,

v.

**Anna M. Loftus, et al.,**

                  Defendants.

**Case No.: 16 CV 2432**

**Hon. Edmond E. Chang**

**Magistrate Judge Finnegan**

## NOTICE OF FILING

**TO: DEFENDANTS AND/OR THE ATTORNEY OF RECORD**: see **"Service List"**

PLEASE TAKE NOTICE that on June 1, 2017 I filed with the Clerk of the United States District Court, for the Northern District of Illinois, Eastern Division, **"ONE OF THE PLAINTIFFS' NOTICE FOR VOLUNTARY RELEASE OF ALL DEFENDANTS WITHOUT PREJUDICE"**

Respectively submitted,

*Samuel C. Umunna*

Samuel C. Umunna

Samuel C. Umunna, Plaintiff
8800 South Longwood Drive
Chicago, Illinois 60643
1-773-575-3630
**E-mail: enyiumunna@gmail.com**

RECEIVED
JUN . 2 2017
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the **"ONE OF THE PLAINTIFFS' NOTICE FOR VOLUNTARY RELEASE OF ALL DEFENDANTS WITHOUT PREJUDICE"** was served upon all counsel of record via ECF and/or U.S Mail on 6/2/2017 of the defendants with this court.

*Samuel C. Umunna*
SAMUEL C. UMUNNA

1

# " <u>SERVICE LIST</u>"

## DEFENDANTS:

### SHERLEY RUTH CALLOWAY

Illinois Attorney General's Office
100 West Randolph Street 13th Floor
Chicago, Illinois 60601
1-312-814-5581
Email: scalloway@atg.state.il.us
Lead Attorney for:
-Anna M. Loftus; -George F. Scully Jr.; - Darrly B. Simko; -Alfred M. Swanson Jr.; -Pamela Mclean
Meyerson; -Raymond W. Mitchell; -Irwin J. Solganick; -Alexander P. White; -Michael Otto.

### BRIAN A. MERFELD

*McCalla Raymer Pierce LLC*
*One North Dearborn Suite 1300*
*Chicago, Illinois 60602*
*1-312-346-9088*
*Email: brian.merfeld@mrpllc.com*
*Lead Attorney for:*
*-Pierce & Associates; -Michael N. Varak; -Meredith Freeman.*

### KATHLEEN RUBY PASULKA

Pugh, Jones & Johnson. P.C.
180 North LaSalle Street Suite 3400
Chicago, Illinois 60601
1-312-768-7800
Email: kpasulka-brown@pjjlaw.com
Lead Attorney for:
-ShoreBank;

### STEPHEN H. PUGH

Pugh, Jones & Johnson, P.C.
180 North LaSalle Street Suite 3400
Chicago, Illinois 60601-2807
1-312-768-7800 Fax. 1-312-767801
Email: **spugh@pjjlaw.com**

### SIMON M. FENG

Locke Lord LLP

### PHILIP RUSSEL PERDEW

Locke Lord LLP

2

111 South Wacker Drive
Chicago, Illinois 60606
1-312-443-0374
Email: Simon.Feng@lockelord.com
ATTORNEY TO BE NOTICED
Lead Attorney for:
-US Bank National Associates

111 South Wacker Drive
Chicago, Illinois 60606
1-312-443-1712
Email: pperdew@lockelord.com
ATTORNEY TO BE NOTICED

**WILLIAM FARROW**
7936 South Cottage Grove Ave.,
Chicago, Illinois 60619

**FEDERAL DEPOSIT INSURANCE CORPORATION**
219 South Dearborn Street 5th Floor
Chicago, Illinois 60604
Email: USAILN.ECFAUSA@usdoj.gov

**URBAN PARTNERSHIP BANK**
7936 South Cottage Grove Ave.,
Chicago, Illinois   60619

**JENNER & BLOCK LLP**
35 East Wacker, Suite 1870
Chicago, Illinois 60601

**CHUHAK & TECSON, PC**
30 South Wacker Drive 2600
Chicago, Illinois 60606

**MICHAEL A. EURICH**
1 South Wacker Drive, Suite 3000
Chicago, Illinois 60606

**VILLA CAPITAL PROPERTIES**
500 Skokie Blvd. Ste. #650
Northbrook, Illinois 60062

**ELIZABETH LYONS**
300 South Wacker Drive, Suite 500
Chicago, Illinois 60606

**CITY OF CHICAGO**
121 North LaSalle Street, Room 107
Chicago, Illinois 60602

-3-

**LASALLE BANK NATIONAL**
c/o C T Corporation System
208 South LaSalle Street, Suite 814
Chicago, Illinois 60604

**MORTGAGE ELECTRONIC REGISTRATION SYSTEMS**
1901 East Voorhees Street, Suite C
Danville, Illinois 61834

**ENCORE CREDIT**
200 West Adams Street
Chicago, Illinois 60606

**EMC MORTGAGE CORPORATION**
208 South LaSalle Street, Suite 814
Chicago, Illinois 60604

**NATIONSTAR MORTGAGE LLC**
801 Adlai Stevenson Drive
Springfield, Illinois 62703

**CITIMORTGAGE, INC.**
208 South LaSalle Street, Suite 814
Chicago, Illinois 60604

**BEAR STERNS ASSET BACKED SECURITIES I TRUST 2007-HE6**
c/o C T Corporation System
208 South LaSalle Street, Suite 814
Chicago, Illinois 60604

**FEDERAL NATIONAL MORTGAGE ASSOCIATION**
One South Wacker Drive Suite 1400
Chicago, Illinois 60606

**FIRST FRANKLIN MORTGAGE**
208 South LaSalle Street, Suite 814
Chicago, Illinois 60604

**BRYAN GOMEZ**
5105 Tollview Drive Suite 130
Rolling Meadows, Illinois 60008

**KOVITZ, SHIFRIN & NESBIT LAW OFFICE**
175 North Archer Ave.,
Mundelein, Illinois 60060

-4-

**EDWARD J. LESNIAK**
330 North Wabash Ave., 22nd Floor
Chicago, Illinois 60611
1(312) 291-7190

**ALEXANDER D. MARKS**
330 North Wabash Ave., suite 2100
Chicago, Illinois  60611
1(312) 840-7022

**BURKE, WARREN, MACKAY & SERRITELLA, P.C.**
330 North Wabash Avenue, Suite 2100
Chicago, Illinois  60611-3607
1(312) 840-7022

**CHRISTINA PLACE II CONDOMINIUM ASSOCIATION**
4313 North western Ave., Ste. 1
Chicago, Illinois 60618

**TIMOTHY L. ROWELLS**
35 East Wacker, Suite 1870
Chicago, Illinois 60601
1(312) 346-9420

**STARR, BEJGIERT, ZINK & ROWELLS**
35 East Wacker, Suite 1870
Chicago, Illinois 60601

**CODILIS & ASSOCIATES**
30 North LaSalle Street, Ste. 2040
Chicago, Illinois 60602

**COOK COUNTY SHERIFF'S POLICE DEPARTMENT**
7507 West Cermak Rd.
North Riverside, Illinois 60546

**SONIA PASQUESI**
560 Oakwood Avenue, Suite 101
Lake Porest, Illinois   60045

**JOHN AVGERINOS**
10125 Alexia Dr.
Indianapolis, Indiana 46236
1(765) 453-2737

-5-

**PAUL AVGERINOS**
10125 Alexia Dr.
Indianapolis, Indiana 46236
1(765) 453-2737

**SAMANTHA L. BABCOCK**
30 South Wacker Drive, Suite 2600
Chicago, Illinois 60606

**STEVEN E. ANDERSON**
2949 North Troy Street
Chicago, Illinois 60618
1(312) 450-3513
sea@seandersonlaw.com

**ERIK HUBBARD**
823 West Superior #C
Chicago, Illinois 60642

**HAUSELMAN, RAPPIN & OLSWANG, LTD.**
29 East Madison Street Ste. 950
Chicago, Illinois 60602

**RODERICK PIERCE**
1404 Maybrook Drive
Maywood, Illinois 60153

_Samuel C. Umunna_

SAMUEL C. UMUNNA

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| Marvin Faulkner, et al., | Case No.: 16 CV 2432 |
| Plaintiff, | |
| v. | Hon. Edmond E. Chang |
| Anna M. Loftus, et al., | Magistrate Judge Finnegan |
| Defendants. | |

## "ONE OF THE PLAINTIFFS' NOTICE FOR VOLUNTARY RELEASE OF ALL DEFENDANTS WITHOUT PREJUDICE"

**NOTICE IS HEREBY GIVEN** that one of the Plaintiffs, Samuel C. Umunna, hereby voluntarily releases all defendants without prejudice without further notice. The parties shall bear their respective costs.

June 2, 2017

Respectively submitted,

*Samuel C. Umunna*

Samuel C. Umunna

Samuel C. Umunna, Plaintiff
8800 South Longwood Driv
Chicago, Illinois 60643
1-773-575-3630
E-mail: enyiumunna@gmail.com

**MARVIN,**

**THE RICO-DEFENDANTS IN 16 CV 2432 ARE FORCING ME TO GO AGAINST YOU, SORRY; BUT I AM AFRAID AND WHAT EVER THEY TELL ME I HAVE TO DO.**

**SAM.**